WRIGHT, APPELLEE, *v.* AUTOMATIC VALVE CO., APPELLANT.

[Cite as Wright v. Automatic Valve Co.,
20 Ohio St. 2d 87.]

(No. 68-393—Decided December 10, 1969.)

88

*Messrs. Baggott, Logan & Gianuglou* and *Mr. Horace W. Baggott, Sr.,* for appellee.

*Messrs. Pickrel, Schaeffer & Ebeling, Messrs. Altick & McDaniel* and *Mr. Francis S. McDaniel,* for appellant.

*Per Curiam.* Personal jurisdiction in this state over a nonresident is authorized by statute as to a cause of action arising from the nonresident's causing "injury in this state . . . by breach of warranty . . . made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state" if the nonresident "[1] regularly does or solicits business, or [2] engages in any other persistent course of conduct, or [3] derives substantial revenue from goods used or consumed . . . in this state." Section 2307.382(A)(5), Revised Code.

The petition sets forth in substantially the statutory language that defendant "might reasonably have expected . . . [the plaintiff] to use, consume, or be affected by the [defendant's] goods in this state." However, it fails to allege specifically one or more of the three additional grounds, as numbered above, which are also prerequisites to jurisdiction of the defendant authorized by statute. Nor does it set forth allegations sufficient to support a *reasonable inference* that defendant regularly does or solicits business, or engages in a persistent course of conduct in Ohio, or derives substantial revenue from goods used or consumed in Ohio.

Counsel urges, in effect, that, on the facts alleged, the Constitution of the United States does not inhibit the Ohio courts from exercising personal jurisdiction over a nonresident. Assuming the validity of that proposition, the answer to the argument, so far as it affects this appeal, is that our General Assembly has not exercised the full

scope of its constitutional authority to impose jurisdiction upon such a nonresident.

Plaintiff not having pleaded facts sufficient to meet the statutory requirement to obtain jurisdiction of the defendant, the motion to quash was properly sustained by the lower court.

The judgment of the Court of Appeals is, therefore, reversed, and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.