JURKO, APPELLANT, *v.* JOBS EUROPE AGENCY ET AL., APPELLEES.

(No. 33646—Decided January 30, 1975.)

*Mr. Harry E. Field* and *Mr. Seth B. Marks*, for appellant.

*Mr. James F. Koehler*, for appellees.

CORRIGAN, J.   On November 9, 1973, plaintiff Robert M. Jurko filed a complaint in Common Pleas Court requesting service on defendants Jobs Europe Agency and Frank X. Gordon, Jr., its director, at a Panorama City, California address.   The complaint alleged that:

"First Claim

"1. Defendants are engaged in the occupation of procuring temporary employment with European employers for young adult Americans.

"2. Defendants offer guaranteed salary opportunities and procurement of all necessary work permits required by various countries of participating employment through direct mail contact and national advertising, said guarantees to be provided to the applicant upon applicant's payment of a stipulated fee of One Hundred and Sixty Dollars ($160.00).

"3. Plaintiff, in reliance thereon, contracted with the defendants for a position of employment in Switzerland and performed all conditions precedent of said agreement required to be performed by him.

"4. Defendant has breached the contract by failing to provide to the plaintiff the proper information for the procurement of the necessary work permit for employment in Switzerland.

"5. As a result thereof, plaintiff was unable to legally begin his employment as expected, he was expelled from the Country of Switzerland, he was subject to severe criminal penalties in Switzerland, he received a permanent denial of entry from the Swiss Government as evidenced by an official stamp on plaintiff's passport signifying permanent expulsion from Switzerland, all of which caused plaintiff to suffer mental anxiety and embarrassment.

"6. Plaintiff incurred plane fare, lost wages and travel expenses in the amount of Three Thousand Dollars ($3,000.00).

"Second Claim

"1. For plaintiff's second claim, he adopts by reference the statements contained in paragraphs 1-6 of the first claim of his complaint.

"2. Defendants did negligently perform their duty imposed upon them by virtue of being an employment agency for jobs requiring procurement of foreign work permits by providing plaintiff with erroneous instructions regarding obtainment of said permit.

"Third Claim

"1. For plaintiff's third claim, he adopts by reference the statements contained in paragraphs 1 and 2 of the second claim of his complaint.

"2. On October 2, 1972, defendants represented to plaintiff that plaintiff should enter Switzerland as a tourist and that plaintiff could then obtain a permit after entry.

"3. Said work permit is essential for employment in Switzerland.

"4. When defendants made such representations they knew, or should have known, that such information was false, thereby intending to mislead the plaintiff.

"5. Plaintiff was unaware of the falsity of said statement and relied upon the truth of said statement.

"6. As a result of the foregoing false representa-

tion, plaintiff has been damaged in the sum of Three Thousand Dollars ($3,000.00).

"Wherefore, plaintiff demands judgment against defendant in the sum of $3,000.00 compensatory damages, $40,000.00 special damages, $50,000.00 punitive damages, attorney's fees and costs."

On January 14, 1974, plaintiff requested supplemental service on defendants at a new address in Santa Cruz, California. On February 25, 1974, defendant Gordon filed a motion to dismiss and to quash service on the ground that the court lacked personal jurisdiction, accompanied by the affidavit of a Cleveland attorney for Gordon which stated that, to the best of the attorney's knowledge, Gordon had never transacted any business in Ohio nor committed any act in Ohio which could form the basis for personal jurisdiction.

On March 18, 1974, both defendants filed a brief in support of the motion to dismiss accompanied by Gordon's affidavit filed in his own behalf and as principal of Jobs Europe which stated that neither he nor the agency had ever transacted any business in Ohio with plaintiff. On April 2, 1974, plaintiff filed a brief in opposition unaccompanied by any supporting affidavit.

On April 15, 1974, the court granted defendants' motion and dismissed the action with prejudice. Plaintiff filed a timely appeal and has assigned as error that:

"1. The Court of Common Pleas erred in granting the defendants' motion to dismiss on the grounds that no jurisdictional facts were alleged in the complaint.

"2. The Court of Common Pleas erred in granting defendants' motion to dismiss on the grounds that there was not sufficient business transacted in this state to sustain minimal contacts.

"3. The Court of Common Pleas erred in granting defendants' motion to dismiss when there was a tortious act committed in this state by the defendants."

Plaintiff-appellant's assignments of error will be consolidated as all three raise the same issue, which is, whether the complaint pleaded sufficient facts to withstand a mo-

tion to quash service based on the defense of lack of personal jurisdiction.

While not denominated as such, the lower court clearly granted the motion to dismiss on the basis of lack of personal jurisdiction, pursuant to Civil Rule 12 (B)(2). The court held no hearing and received no evidence on the jurisdictional question, but dismissed the action with prejudice solely on the basis of the complaint challenged by defendants-appellees' affidavits.

Two recent Supreme Court decisions indicate that the failure to plead jurisdictional facts renders a complaint subject to dismissal on a motion to quash service. In *Lantsberry* v. *Tilley Lamp Co.* (1971), 27 Ohio St. 2d 303, the court stated:

"The next matter for our consideration is the failure of plaintiffs to plead any fact supporting the requirements of the long-arm statute for obtaining jurisdiction over the three Tilley Lamp defendants. We note the affidavit filed on behalf of the three Tilley Lamp defendants in the Common Pleas Court, which recites:

" [Text of affidavit in which defendants denied that they transacted any business in Ohio, omitted.]

"There is no proof in the record, either by way of counter-affidavits or sworn testimony, which would establish 'minimal contacts' in Ohio of the Tilley Lamp defendants which are essential before jurisdiction can be acquired. Appellees assert that 'it is absurd to claim that these jurisdictional facts had to be pleaded in 1963,' two years before the effective date of the long-arm statute. However, such requirement might well have been accomplished, if facts do exist, by filing amended petitions alleging such minimal contacts, or by the filing of affidavits or other documents establishing such minimal contacts at the time when plaintiffs attempted to effectuate service on December 9, 1965." 27 Ohio St. 2d at 307-308.

Following this rationale the *Lantsberry* court held in syllabus that:

"Where there is no proof of record establishing the existence of minimum contacts between Ohio and a non-

resident corporation at the time service of summons on the corporation was made under R. C. 2307.382 and 2307.383, a motion to quash such service should be sustained.''

In the earlier decision of *Wright* v. *Automatic Valve Co.* (1969), 20 Ohio St. 2d 87, the court cited R. C. 2307.382 (A)(5), and reasoned that:

"The petition sets forth in substantially the statutory language that defendant 'might reasonably have expected . . . [the plaintiff] to use, consume or be affected by the [defendant's] goods in this state.' However, it fails to allege specifically one or more of the three additional grounds, as numbered above, which are also prerequisites to jurisdiction of the defendant authorized by statute. Nor does it set forth allegations sufficient to support a *reasonable inference* that defendant regularly does or solicits business, or engages in a persistent course of conduct in Ohio, or derives substantial revenue from goods used or consumed in Ohio.'' 20 Ohio St. 2d at 88. (Emphasis in original.)

The *Wright* court therefore held that:

"Plaintiff not having pleaded facts sufficient to meet the statutory requirement to obtain jurisdiction of the defendant, the motion to quash was properly sustained by the lower court.'' 20 Ohio St. 2d at 89.

On this basis defendants argue that a complaint must plead jurisdictional facts and that plaintiff's action was properly dismissed for its failure to adequately plead or otherwise factually establish personal jurisdiction. Plaintiff, however, argues that his complaint sufficiently pleaded personal jurisdiction and further that since the adoption of the Civil Rules it is no longer necessary to specifically plead jurisdiction, but rather all that is required under Civil Rule 8(A) is ''. . . a short and plain statement of the claim showing that the pleader is entitled to relief.'' To support this conclusion plaintiff relies on the 1970 Ohio Staff Note: "In principle, Rule 8(A) is based on Federal Rule 8(a). Rule 8(A), however, does not require a jurisdictional statement in the original pleading (in a federal court it is necessary for the plaintiff to state in his com-

plaint whether he had invoked federal jurisdiction by way of diversity or the raising of a federal question).'"

The Civil Rules provide not only that a plaintiff plead a short plain statement of his claim but further that an out-of-state defendant may move to quash service on the ground he has less than minimal contacts with the forum state and to dismiss on the defense of lack of jurisdiction over his person. *See* Civil Rules 12(B)(2), 4.3(A). The short and plain statement must show that the pleader is entitled to relief and where there is an issue of long-arm jurisdiction good pleading dictates that the plaintiff recognize that fact at the outset and deal with that issue in his complaint. Where the defense of lack of personal jurisdiction is asserted, the plaintiff has the burden on the motion to establish the court's jurisdiction. *See KVOS, Inc.,* v. *Associated Press* (1936), 299 U. S. 269, 277; *O'Hare Int'l Bank* v. *Hampton* (7th Cir. 1971), 437 F. 2d 1173, 1176; *M & W Contractors Inc.* v. *Arch Mineral Corp.* (S. D. Ohio 1971), 335 F. Supp. 972, 974; 5 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 1351, at 565 (1969). While the plaintiff is entitled to have his factual allegations sustaining personal jurisdiction construed in his favor, *Glass* v. *McCullough Transfer Co.* (1953), 159 Ohio St. 505, 509; *Mahlman* v. *Billings Automotive Training Center, Inc.* (D. Ore. 1969), 295 F. Supp. 1398, 1399, the plaintiff must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over the defendant's person. *Lantsberry, supra; Wright, supra; O'Hare, supra; cf. Fisher* v. *First Nat'l Bank of Omaha* (S. D. Iowa 1972), 338 F. Supp. 525.

When a court considers a challenge to its jurisdiction over a defendant—a defense which may require the taking of extensive evidence—the court may hear the matter on affidavits, deposition, interrogatories, or receive oral testimony, as matters of jurisdiction are very often not apparent on the face of the summons or complaint. *See* 5 C.

---

[1]Attorneys are to be cautioned concerning any reliance on the Staff notes to the Civil Rules as these notes have neither been approved nor adopted by the Supreme Court as representing Ohio law.

Wright & A. Miller, *supra,* Sec. 1351, at 565-66; 2A J. Moore, Federal Practice, Sec. 12.14, at 2335-36 (2d ed. 1968).

The procedure in a federal court applying state law on a motion to dismiss for lack of personal jurisdiction was similarly set out in *O'Hare, supra,* at 1176-77, as follows:

"Rule 12(d), Federal Rules of Civil Procedure, enables a party asserting certain defenses enumerated in subsection (b) of that rule to raise such challenge prior to trial on the merits. The rule clearly contemplates hearing and determination of jurisdictional issues in advance of trial. 2A Moore, Federal Practice, Par. 12.16, at 2352-54 (2d ed. 1968). 'As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.' *Gibbs* v. *Buck,* 307 U. S. 66, 71-72, 59 S. Ct. 725, 729, 83 L. Ed. 1111 (1939). When considering a challenge to its jurisdiction, a court may receive and weigh affidavits. 5 Wright and Miller, Federal Practice and Procedure, §1351, at 565 (1969).

"Based upon evidence obtained, the court properly decides jurisdictional disputes before trial. *Schramm* v. *Oakes,* 352 F. 2d 143, 149 (10th Cir. 1965); *Williams* v. *Minnesota Mining & Manufacturing Co.,* 14 F. R. D. 1, 5 (S. D. Cal. 1953). The burden of proof rests upon the party asserting existence of jurisdiction id. at 5; *KVOS, Inc.,* v. *Associated Press,* 299 U. S. 269, 278, 57 S. Ct. 197, 81 L. Ed. 183 (1936). However, this burden is met by prima facie showing that jurisdiction is conferred by the long arm statute. *United States* v. *Montreal Trust Co.,* 358 F. 2d 239 (2nd Cir. 1966).

"The affidavits filed pursuant to the Rule 12(d) motions to dismiss presented the district court with contradictory factual allegations from which to decide the jurisdictional issue. Because there were conflicting statements, for the purpose of this appeal, we must assume the facts related in the plaintiff's affidavits and complaint to be true. *Woodworkers Tool Works* v. *Byrne,* 191 F. 2d 667, 673 (9th Cir. 1951); *Kesler* v. *Schetky Equipment Corp.,* 200 F. Supp. 678, 679 (N. D. Cal. 1961).

"Thus, accepting the validity of plaintiff's allegations,

the jurisdictional facts would appear to be as follows:

"The issue before this court is whether the jurisdictional facts alleged by the plaintiff establish 'minimum contacts' with Illinois so that personal jurisdiction over the nonresident defendant does not offend 'traditional notions of fair play and substantial justice.' We conclude that the plaintiff has successfully met the burden of showing prima facie that jurisdiction in the present case is conferred by the Illinois long arm statute."

In the instant case plaintiff, faced with a jurisdictional challenge in the form of defendant Gordon's motion to dismiss accompanied by an affidavit, and defendant's brief in support of that motion accompanied by Gordon's affidavit, simply countered with a brief in opposition that argued law rather than fact and was unaccompanied by any affidavit. While it is preferable for the court to hold a hearing on the factual issue of personal jurisdiction and contemplated under Civil Rule 12(D), it is within a court's discretion in an appropriate case to decide a Civil Rule 12(B)(2) jurisdictional challenge solely on the unopposed allegations of defendant's affidavit. *Cf. Harry Winston, Inc.,* v. *Waldfogel* (S. D. N. Y. 1968), 292 F. Supp. 473, 475-76.

Plaintiff's complaint failed to associate the alleged breach of contract and tortious activity with any conduct or transaction in Ohio and therefore did not sufficiently plead facts sustaining personal jurisdiction over defendants. Faced with a jurisdictional challenge, plaintiff neither filed any affidavit opposing defendants' affidavits supporting their motion to dismiss, nor requested a hearing, nor perfected discovery, nor sought leave to file an amended complaint. Therefore, plaintiff's neglect in electing to stand on a complaint that, as a matter of law, inadequately pleaded personal jurisdiction over non-resident defendants permitted the court, in the exercise of its discretion, to dismiss the action. For these reasons the Common Pleas Court did not err in granting defendants' motion to dismiss. Plaintiff-appellant's assignments of error are therefore without merit and are overruled.

We note, however, that the Common Pleas Court dis-

missed the action *with prejudice*, and on this basis abused its discretion. A successful Rule 12(B)(2) motion will normally result in an order dismissing the action, but should not prejudice the plaintiff's action on the merits and his right to either seek leave to amend his complaint or to file another complaint. *See, e.g., Griffin* v. *Locke* (9th Cir. 1961), 286 F. 2d 514; *Thomas* v. *Furness (Pac.) Ltd.* (9th Cir. 1948), 171 F. 2d 434, 435, *cert. denied,* 337 U. S. 960; *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.* (3rd Cir. 1944), 139 F. 2d 871, 875, *cert. denied,* 322 U. S. 740; 5 C. Wright & A. Miller, *supra,* Sec. 1351, at 568; 2A J. Moore, *supra,* Sec. 12.14, at 2335, 2337. Moreover, pursuant to Civil Rule 41(B)(4)(a) a dismissal for lack of jurisdiction shall operate as a failure otherwise than on the merits.

The judgment is therefore modified to reflect a dismissal without prejudice. As thus modified, the judgment is affirmed.

*Judgment affirmed.*

JACKSON and COOK, JJ., concur.

COOK, J., of the Tenth Appellate District, sitting by designation in the Eighth Appellate District.