GROSSI, EXECUTOR, APPELLANT, *v.* PRESBYTERIAN UNIVERSITY HOSPITAL ET AL., APPELLEES.

(No. 80-J-11—Decided October 10, 1980.)

*Mr. David N. Dittmar* and *Mr. Martin S. Bogard,* for appellant.

*Mr. Ted S. Cooper,* for appellee Presbyterian University Hospital.

*Mr. Joseph J. Bruzzese, Sr.,* for appellees Deknatel, Inc. and Howmedica, Inc.

LYNCH, J. Plaintiff is appealing the February 14, 1980 judgment of the court of common pleas that sustained the motions of defendants to dismiss the complaint of plaintiff because the trial court did not have jurisdiction over such defendants.

Plaintiff is executor of the estate of Marie G. Grossi who died on August 15, 1976 at Presbyterian University Hospital in Pittsburgh, Pennsylvania, of an acute myocardial infarction involving the anterosertal wall of the left ventricle of the heart resulting from occlusion of the left coronary artery by teflon embolus. In the complaint, which was filed on August 15, 1978, it was alleged that the medical operation was negligently performed and that the hospital was also negligent in the use of negligently manufactured materials that were manufactured by the other defendants.

Plaintiff further alleged that defendant Presbyterian University Hospital is located in Pittsburgh, Pennsylvania; that such hospital provides medical services and care for Ohio residents, purchases medical supplies and materials from Ohio businesses, employs Ohio residents and permits Ohio physicians to practice medicine in its hospital; that defendant Howmedica, Inc. is the manufacturer and seller of medical products which are sold in Ohio and that Howmedica is the parent company of Deknatel, Inc., which maintains sales personnel, ships and sells medical supplies to Ohio medical distribution businesses.

On September 8, 1978 defendants, Deknatel, Inc. and Howmedica, Inc. filed a motion to dismiss the complaint as to them because of lack of jurisdiction over them. On October 11, 1978 an affidavit of their attorney was filed in which it was stated that plaintiff had filed an action on August 14, 1978 in the Court of Common Pleas of Allegheny County, Pennsylvania, with the same parties and the same causes of action.

On September 11, 1978 defendant Presbyterian University Hospital filed its motion to dismiss as to it because of lack of jurisdiction. In support thereof there was also filed an affidavit of its executive director that said defendant did not own real or personal property in Ohio, does not employ any residents of the state of Ohio, does not have upon its staff any physicians who reside and practice medicine in the state of Ohio, does not have any resident agent, place of business or telephone listing within the state of Ohio, does not contract to supply services or goods to be delivered or performed in Ohio and does not transact business in Ohio; that said defendant admits all prospective patients, regardless of state citizenship, including residents of the state of Ohio; that Marie G. Grossi was admitted to its hospital on

August 2, 1976 for aortic valve replacement which was effected during surgery performed on August 4, 1976; and that Mrs. Grossi remained a patient at said hospital until she died on August 15, 1976.

Plaintiff filed briefs in opposition to the motions of defendants but did not file any affidavits or present any evidence to rebut the affidavits of defendants.

Plaintiff's assignments of error are as follows:

"(1) The Court below erred in granting the defendant-appellees' Rule 12(B) Motion to Dismiss by looking beyond the pleadings and thereby improperly transforming the 12(B) Motion to Dismiss into a Rule 56 Motion for Summary Judgment, and by not allowing the Plaintiff to utilize the discovery process.

"(2) The court below erred in its determination that it lacked personal jurisdiction over these defendant-appellees when in fact:

"(a) allegations in the complaint were sufficient to establish the requisite 'minimum contracts'; and

"(b) the Ohio 'Long Arm' statute and the decisional authority interpreting it, clearly support such an exercise of jurisdiction."

Plaintiff's assignment of error is based on his contention that the trial court improperly transformed a Civ. R. 12(B) motion into a Civ. R. 56 motion for summary judgment and improperly considered the affidavits of defendants which were filed in support of their motions to dismiss. The record of this case does not reveal the reason why the trial court sustained defendants' motions.

R.C. 2307.382 provides, in pertinent part, as follows:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"* * *

"(4) Causing tortious injury *in this state* by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

"(5) Causing injury *in this state* to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;" (Emphasis added.)

Pertinent paragraphs of the headnotes of *Busch* v. *Service Plastics, Inc.* (N.D. Ohio 1966), 261 F. Supp. 136 [39 O.O.2d 456], are as follows:

"6 To comply with subsection of longarm statute relating to tortious injury by act or omission outside state it is essential to establish that the tortious injury occurred in the state and that the person causing the injury regularly does business in state. R. C. Ohio Sec. 2307.382(A)(4).

"7 To comply with subsection of longarm statute relating to injury in the state by reason of breach of warranty made in sale of goods outside the state, it is essential that injury occur in Ohio and that person causing injury regularly does business in state. R.C. Ohio Sec. 2307.382(A)(5)."

Pertinent paragraphs of the syllabus of *Jurko* v. *Jobs Europe Agency* (1975), 43 Ohio App. 2d 79 [72 O.O.2d 287], are as follows:

"2. While plaintiff is entitled to have his factual allegations sustaining jurisdiction over a defendant's person construed in his favor, once challenged plaintiff has the burden of making a prima facie showing of personal jurisdiction and supporting such factual allegations.

"3. While a hearing is preferred and contemplated under Civil Rule 12(D), a court can within its discretion in an ap-

propriate case rule on a Civil Rule 12(B)(2) jurisdictional question on the basis of affidavits alone."

We hold that the provisions of R.C. 2307.382(A)(4) and (5) require that the injury which is the basis of the complaint must occur in the state of Ohio and that the fact that the person causing injury regularly does business in Ohio does not confer jurisdiction over such person for an injury that occurred outside this state.

The complaint that was filed in this case does not allege that the injury or act which was the cause of the death of Marie G. Grossi occurred in Ohio. It does allege that such injury or act occurred in the hospital operated by defendant Presbyterian University Hospital, which is located in Pittsburgh, Pennsylvania. Therefore, we hold that the allegations in plaintiff's complaint were insufficient to confer jurisdiction on the trial court pursuant to R.C. 2307.382(A)(4) and (5) and that the trial court's decision should be affirmed for this reason.

We further hold that the trial court had the right to consider the affidavits filed by defendants in this case if it was necessary to do so. *Jurko* v. *Jobs Europe Agency, supra.* See *Lantsberry* v. *Lamp Co.* (1971), 27 Ohio St. 2d 303, 307-308 [56 O.O.2d 179].

Plaintiff cites *W.D.G., Inc.* v. *Mutual Mfg. & Supply Co.* (Franklin App. 1976), 5 O.O. 3d 397, paragraph one of the headnotes:

"The court erred in considering the affidavit attached by the defendants to their motion to dismiss the complaint for failure to state a claim upon which relief could be granted. By considering the affidavit in granting the motion, the court in effect determined to treat the motion to dismiss as a motion for summary judgment. When a court determines to do so, it must follow the procedures set out in Civil Rule 56, including giving the opposing party an opportunity to file contra affidavits."

The *W.D.G., Inc.* case dealt with a Civ. R. 12(B)(6) motion and was governed by the following provision of Civ. R. 12(B)(6):

"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

The motion in the instant case concerns the lack of jurisdiction over defendants which comes under Civ. R. 12 (B)(2). There is no provision for a Civ. R. 12(B)(2) motion being transformed into a motion for summary judgment such as applies to a Civ. R. 12(B)(6) motion. Therefore we hold that the *W.D.G., Inc.* case is not applicable to the instant case.

A court of common pleas is a court of general jurisdiction and is competent to determine its own jurisdiction over the subject matter and parties in an action instituted therein. *In re Green* (1961), 172 Ohio St. 269 [15 O.O.2d 449]; 14 Ohio Jurisprudence 2d 517, Courts, Section 100.

A court whose jurisdiction is dependent upon the existence of a certain state of facts has jurisdiction to inquire whether such state of facts exists. *Busse & Borgmann Co.* v. *Upchurch* (1938), 60 Ohio App. 349, 351 [12 O.O. 493].

Thus, the authority of the court of common pleas to determine whether it had jurisdiction over the defendants in this case is an inherent power of such court because it is a court of general jurisdiction, and there is nothing in the Rules of Civil Procedure that repeals or modifies such authority.

A motion for summary judgment is ordinarily addressed to the merits of the complaint. The motion in this case challenged the right of plaintiff to file this law suit because of lack of jurisdiction over defendants. Logically, this issue should be resolved before the trial of this case.

We agree with the *Jurko* case which cites authorities to support its decision that a court of common pleas may consider affidavits that are filed to support a Civ. R. 12(B)(2) motion. We believe that a plaintiff should be given an opportunity to respond to such affidavits. In the instant case, sixteen months elapsed between the filing of the last affidavit of defendants and the judgment of the trial court. We hold that the trial court in this case gave plaintiff ample time to respond to such affidavits. Plaintiff failed to do so.

Plaintiff contends that he was not permitted discovery in this case. He does not specify in what way he was denied discovery, and the record is silent re any attempt by plaintiff to utilize the discovery provisions of the Rules of Civil Procedure.

We hold that the record of this case supports the decision of the trial court. For the foregoing reasons we overrule plaintiff's assignments of error.

*Judgment affirmed.*

DONOFRIO, P.J., and O'NEILL, J., concur.