### Erie Shores Industries, Inc.
### v.
### Cumberland Steel, Inc.
*[Cite as 4 AOA 255]*

*Case No. 57053*
*Cuyahoga County, (8th)*
*Decided June 7, 1990*

*Sheldon R. Jaffery, Esq., 33595 Bainbridge Road, Suite 201, Solon, OH 44139, for Plaintiff-Appellant.*

*Michael H. Diamant, Esq., The Tower at Erieview, Suite 2600, 1301 East Ninth Street, Cleveland, OH 44114-1824, for Defendant-Appellee.*

STILLMAN, J.

Plaintiff-appellant, Erie Shore Industries, Inc., appeals from the judgment of the trial court which granted the defendant-appellee's Cumberland Steel, Inc., motion to dismiss.

On June 13, 1988, the appellant filed a complaint in the Cuyahoga County Court of Common Pleas which alleged that the appellee had breached a contract for the purchase of steel. The complaint specifically alleged that:

" 1) on December 3, 1986, the appellee ordered from the appellant forty thousand pounds of twenty foot .525/.5205 round cold drawn steel bars, forty thousand pounds of twenty foot .5875/.5825 round cold drawn steel bars, and twenty thousand pounds of twenty foot .4662/.4619 round cold drawn steel bars;

"2) on December 18, 1986, the appellee increased its order of .4662/.4619 steel to forty thousand pounds;

"3) on December 30, 1986, the appellant shipped to the appellee 49,958 pounds of steel bars;

"4) on February 1, 1987, the appellee refused to accept delivery of the balance of the steel bars;

"5) the appellant has attempted to mitigate its damages; and "6) the value of the undelivered steel bars is $15,409.24."

On November 2, 1988, the appellee filed a Civ. R. 12(B) (2) motion to dismiss based upon the trial court's lack of *in personam* jurisdiction over the appellee.

On December 15, 1988, the trial court granted the appellee's motion to dismiss for lack of *in personam* jurisdiction.

Thereafter, the appellant timely brought the instant appeal.

The appellant's sole assignment of error is that:

"THE CUYAHOGA COUNTY COURT OF COMMON PLEAS ERRED IN DISMISSING THE PLAINTIFF'S COMPLAINT FOR THE REASON THAT SAID COURT DOES, IN FACT, HAVE *IN PERSONAM* JURISDIC-TION OVER THE DEFENDANT."

The appellant, in this assignment of error, argues that the trial court erred in granting the appellee's motion to dismiss as based upon a lack of *in personam* jurisdiction. Specifically, the appellant argues that the existence of "minimum contacts" on the part of the appellee with the state of Ohio permitted the trial court to obtain *in personam* jurisdiction over the non-resistant appellee through the Ohio long-arm statute. This assignment of error is well taken.

R.C. 2307.382, which deals with Ohio's long-arm statute, provides in pertinent part that:

"(A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state; * * *"

*In personam* jurisdiction, per R.C. 2307.382, however, also requires the existence of "certain minimum contacts" on the part of the defendant.

"It is well-established that '* * * due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions on fair play and substantial justice.'" *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310, 316. Ordinarily, this requires that a party 'purposefully * * * [avail] itself of the privilege of conducting activities within the forum State * * *.' *Hanson* v. *Denckla* (1958), 357 U.S. 235, 253. In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation * * *.. (sic)' *Shaffer* v. *Heitner* (1977), 433 U.S. 186, 204.

"Courts have consistently held that foreseeability is one of the primary factors to be considered in determining whether there are sufficient minimum contacts '* * * *[T]he foreseeability that is critical to due process analysis * * * is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'* World-Wide Volkswagen Corp.* v. *Woodson* (1980), 444 U.S. 286, 297. Thus, where the defendant 'has created "continuing obligations" between himself and residents of the forum, *Travelers Health Assn.* v. *Virginia* [1950], 339 U.S. at 648, * * * he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State.' (Emphasis *sic*.) *Burger King Corp.* v. *Rudzewicz* (1985), 471 U.S. 462, 475-476." (Emphasis added.) *Anilas* v. *Kirn* (1987), 31 Ohio St. 3d 163, at 164.

The issue of "certain minimum contacts" has been defined by the Allen County Court of Appeals, in Kleinfeld v. *Link* (1983), 9 Ohio App. 3d 29, to involved the following five factors:

"1. established activity by non-resident in the forum state:

"2. non-resident takes advantage of privileges and benefits of forum state;

"3. non-resident solicits business through agents or advertising reasonably calculated to reach the forum state;

"4. it is foreseeable that the non-resident will litigate in the forum state; and

"5. convenience to the litigants and fairness of requiring the non-resident to come to the forum state."

In the case *sub judice*, the appellee's motion to dismiss was premised upon the non-existence of "minimum contacts" with the state of Ohio. In support of its motion to dismiss, an affidavit

provided by the president of the appellee (Cumberland) provided that:

"1) the appellee is a Washington corporation not qualified to do business within the state of Ohio;

"2) the appellee does not nor has it maintained officers and/or representatives in the state of Ohio;

"3) the transactions which formed the basis of the appellant's complaint were initiated by the appellant's sales representatives; "4) all discussions and negotiations with regard to the purchase of the steel bars were made telephonically and/or by fax machine;

"5) the purchase orders were signed by the appellee within the state of Washington;

"6) the appellee did not send any representatives to the state of Ohio; and

"7) all steel bars purchased by the appellee were delivered to third parties outside the state of Ohio."

Affidavits attached to the appellant's brief in opposition to the motion to dismiss provided that:

"1) the appellee had conducted business with the appellant since October 1, 1986;

"2) from October 1, 1986 to December 3, 1986, the appellant and appellee had entered into at least six contracts for the purchase and sale of steel products;

"3) the appellee initiated the negotiations which resulted in the purchase of the steel bars;

"4) the United States mail service was used to complete the contract for the sale of the steel bars;

"5) and the appellee had conducted significant business within the state of Ohio for a lengthy period, dealing with at least one Ohio corporation, not including the appellant in fifty to one hundred transactions over a five year period."

Ordinarily, the plaintiff bears the burden of establishing the trial court's jurisdiction over a party where a defendant argues a lack of *in personam* jurisdiction. *Jurko* v. *Jobs Europe Agency* (1975), 43 Ohio App. 2d 79.

However, where the trial court fails to conduct an evidentiary hearing, the trial court must view the allegations in the pleadings and the documentary evidence in a light most favorable to the non-moving party and must resolve all reasonable competing inferences in favor of the non-moving party. In addition, the non-moving party need establish only a *prima facie* showing of jurisdiction to withstand a motion to dismiss where the trial court fails to conduct an evidentiary hearing.

"Where a defendant asserts that the court lacks personal jurisdiction over him, the plaintiff has the burden to establish the court's jurisdiction. *Jurko* v. *Jobs Europe Agency* (1975), 43 Ohio App. 2d 79, 85 [72 O.O.2d 287]. In deciding the merits of that defense, the court may hear the matter on affidavits, depositions, interrogatories, or receive oral testimony. Matters of jurisdiction are very often not apparent on the face of the summons or complaint. *Id.*

"If the court determines its jurisdiction without an evidentiary hearing, it must view allegation in the pleadings and documentary evidence in the light most favorable to the non-moving party. The court must resolve all reasonable competing inferences in favor of such non-moving party. *Barile* v. *Univ. of Virginia* (1981), 2 Ohio App. 3d 233, 234; *Welsh* v. *Gibbs* (C.A.6, 1980), 631 F.2d 436, 439.

"If the court holds no evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdiction to withstand the motion to dismiss. If plaintiff produces evidence from which reasonable minds could find personal jurisdiction, the court must refuse dismissal, absent an evidentiary hearing. *Priess* v. *Fisherfolk* (S.D. Ohio 1982), 535 F. Supp. 1271, 1275. * * *

"We conclude that plaintiff made a prima facie showing of personal jurisdiction, for the purpose of withstanding a motion to dismiss, and for that purpose only. Therefore, the trial court erred by granting the non-resident defendants' motion to dismiss without holding an evidentiary hearing. We express no opinion whether plaintiff can or will carry his ultimate burden of proving jurisdiction by a preponderance of the evidence." *Giachetti* v. *Holmes* (1984), 14 Ohio App. 3d 306, at 307.

Applying the holding of *Giachetti* to the case *sub judice* requires this court to find that the appellant established a *prima facie* showing of jurisdiction over the appellee. Absent an evidentiary hearing, a review of the affidavits attached to the motion to dismiss and the brief in opposition to the motion to dismiss results in a *prima facie* showing of *in personam* jurisdiction over the appellee which should have withstood the appellee's motion to dismiss.

Therefore, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

PATTON, C.J. and SWEENEY, J., concur.

Sitting by Assignment: Judge Saul G. Stillman, Retired Judge of the Eighth Appellate District.