On March 3, 1998, plaintiff, Confidential Services, Inc., a corporation engaged in the business of repossessing motor vehicles, filed a complaint in Franklin County Municipal Court asserting claims against defendants, Tim Dewey, Jr. and his son, Tim Dewey[1] for conversion and unjust enrichment regarding two motorcycles alleged to have been in plaintiff's possession. According to the certificates of ownership attached to plaintiff's complaint, one of the motorcycles was titled to Blair Royce, Inc.; the other was owned by Ackers, Inc. Plaintiff further asserted in the complaint that the motorcycle owned by Blair Royce, Inc. had been recovered. Plaintiff's prayer for relief sought monetary damages, both compensatory and punitive, attorney fees, return of the unrecovered motorcycle and costs.
Certified mail service was issued to both defendants at 150 East Innis Avenue, Columbus, Ohio and return receipts for both defendants were signed by Clara Duey.
On April 6, 1998, defendants filed an answer, asserting several defenses, including: 1) failure to state a claim upon which relief can be granted; 2) lack of in personam and subject matter jurisdiction; 3) insufficiency of service of process upon the minor defendant; 4) improper venue; and 5) plaintiff's lack of standing to bring the action due to plaintiff's lack of an ownership interest in the motorcycles.
A bench trial was scheduled for June 4, 1998 at 9:00 a.m. Notices of the trial date and time were sent to defendants' attorney on May 14, 1998. Neither defendants nor their attorney were present at the time trial was commenced at 10:00 a.m. on June 4, 1998. Prior to the commencement of testimony, plaintiff's attorney informed the court that defendants had asserted in their answer that Tim Dewey was a minor and was not properly served with the complaint. Plaintiff's attorney further stated that, subsequent to the filing of the answer, defendants' attorney informed him that Tim Dewey, Jr. was not properly served because he incarcerated at the time the complaint was served and that service upon Tim Dewey was insufficient "based on his age."
The trial court conducted an ex parte trial in defendants' absence. Gary Steven Proper, a private investigator hired by plaintiff, testified that his investigation led him to conclude that defendants had converted the motorcycles. Proper further testified that one of the motorcycles was recovered during the course of the investigation and that plaintiff paid a lienholder $5,500 for the loss of the unrecovered motorcycle.
Based upon this evidence, the trial court granted judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $5,500 plus interest and costs, and ordered defendants to return the motorcycle. Defendants have filed this timely appeal from the trial court's June 19, 1998 judgment entry and assert the following three assignments of error.
 [I.] The trial court commited [sic] prejudicial error by granting an ex parte judgment to plaintiff in violation of local rules and civil rules of Ohio.
 [II.] The trial court commited [sic] prejudicial error by granting a judgment against defendants where there was no legal service of complaints and summons.
 [III.] The court committed prejudicial error where it grants a judgment to a party that has no interest in a motor vehicle.
As defendants' second assignment of error is dispositive of the instant case, we will address it first.
A court must have personal jurisdiction over a defendant in order to hear and determine an action. Maryhew v. Yova (1984),11 Ohio St.3d 154, 156. A court acquires personal jurisdiction over a defendant when: (1) the plaintiff completes service of process over the defendant; (2) the defendant voluntarily appears and submits to the court's jurisdiction; or (3) the defendant involuntarily submits to the court's jurisdiction via the waiver of certain affirmative defenses. Id. In order for a court to acquire personal jurisdiction through service of process, a plaintiff must complete adequate service of process upon a defendant within one year from the date the plaintiff files a complaint. Civ.R. 3(A).
Lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process are affirmative defenses. Civ.R. 12(B) (2), (4) and (5). Pursuant to Civ.R. 12(H), these defenses are waived unless asserted by a defendant in a responsive pleading or by motion before a responsive pleading is served. A plaintiff bears the burden of establishing the trial court's jurisdiction over a party where a defendant asserts that the court lacks personal jurisdiction over him. Jurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79,85. If a trial court lacks personal jurisdiction over a party because that party has not been properly served, any judgment entered against that party is a nullity and is void.O.B. Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171.
Defendants argue that the trial court never obtained personal jurisdiction over them because they were not properly served with the complaint in accordance with the civil rules. Specifically, Tim Dewey, Jr. contends that he was incarcerated at the time the complaint was served and was not served in accordance with Civ.R. 4.2(D), which provides that service of process shall be made "[u]pon an individual confined to a penal institution of this state or of a subdivision of this state by serving the individual * * * [.]" Defendant Tim Dewey contends that he was fifteen years old at the time the complaint was served and was not served in accordance with Civ.R. 4.2(B), which provides that service of process shall be made "[u]pon a person under sixteen years of age by serving either the person's guardian or any one of the following persons with whom the person to be served lives or resides: father, mother, or the individual having the care of the person; or by serving the person if the person neither has a guardian nor lives or resides with a parent or a person having his or her care[.]"
As noted previously, certified mail service was issued to both defendants at an address in Columbus, Ohio, and return receipts were signed for both defendants by a person named Clara Duey. At oral argument, defendants' counsel stated that Clara Duey is the grandmother of Tim Dewey, Jr. and that service was made at her residence.
In their answer, defendants asserted the general defense of lack of jurisdiction over the person, as well as the specific defense of insufficiency of service of process upon Tim Dewey. The timely assertion of the defense of lack of personal jurisdiction preserves the right to contest a complete failure of service. Sales v. Fulton (Sept. 30, 1987), Trumbull App. No. 3704, unreported. Thus, we will construe defendants' assertion of the defense of lack of personal jurisdiction as including a challenge to the method of service on both defendants.
Once defendants asserted that the trial court lacked personal jurisdiction over them due to plaintiff's failure to properly serve them, it then became plaintiff's burden to establish that service was properly made. Jurko, supra. Both plaintiff's counsel and the trial court were aware that defendants were contesting service on the basis that Tim Dewey, Jr., was incarcerated at the time the complaint was served and that Tim Dewey was under the age of sixteen. Since Tim Dewey, Jr., was incarcerated at the time the complaint was sent to Clara Duey's residence by certified mail, service was not proper. "Civ.R. 4.6(D) clearly requires personal service at the place of incarceration." Western Reserve Mut. Cas. Co. v. Mills (Jan. 17, 1992), Montgomery App. No. 12897, unreported.
Similarly, since Tim Dewey was under the age of sixteen at the time the complaint was sent to Clara Duey's home by certified mail, service was not proper. Civ.R. 4(B) provides that, on a person under sixteen years of age, service may be made upon either the child's guardian or any one of the enumerated persons with whom the child lives or resides — his father, mother or the individual having care of such child. No evidence suggests that Tim Dewey lives or resides with Clara Duey, or that she is either his guardian or the "individual having care" of him.
In this case, plaintiff did not carry its burden of establishing that service was completed upon either defendant in conformance with the civil rules. There being no valid service of process, the trial court was without jurisdiction to render judgment against the defendants. Accordingly, the judgment rendered by the trial court was void ab initio. The second assignment of error is well-taken.
Defendants' first and third assignments of error raise procedural and evidentiary issues regarding the trial court's judgment. Since defendants were not properly made parties to the action, service never having been obtained over them, the matters raised in these assignments of error are not properly before the court. Accordingly, the first and third assignments of error are moot.
For the foregoing reasons, the second assignment of error is sustained and the first and third assignments of error are moot. The judgment of the Franklin County Municipal Court is reversed and the trial court is ordered to dismiss the case against defendants for lack of in personam jurisdiction over them.
Judgment reversed; cause remanded.
BRYANT and KENNEDY, JJ., concur.
[1] At oral argument, defendants' counsel stated that defendants' surname is actually spelled "Duey." However, because the documents contained in the record use the spelling "Dewey," that spelling will be used throughout this opinion.