Appellant, First Mutual Financial Corporation, filed the complaint against appellees, Family Savers of Mississippi, Inc. ("Family Savers"), Michael Corcoran and John Angell. In its complaint, appellant, an Ohio corporation, alleged Family Savers, a Mississippi corporation, had entered into a contract with appellant whereby appellant would purchase certain credit accounts from Family Savers who, in turn, agreed to repurchase those accounts if they became delinquent. Appellant further alleged that Corcoran, a resident of Virginia, and Angell, a resident of Alabama, personally guaranteed payment of all outstanding accounts purchased by appellant. Appellant alleged that appellees breached the contract by failing to repurchase $223,121 in delinquent accounts.
Appellees filed a motion to dismiss, pursuant to Civ.R. 12(B)(2), asserting that appellees did not have sufficient contacts with Ohio and, therefore, the court lacked jurisdiction over them. Appellant filed a memorandum in response alleging that the contract contained a provision that provided that it would be governed by Ohio law and that, by signing the contract, appellees had submitted themselves to the jurisdiction of Ohio courts. In its memorandum contra the motion to dismiss, appellant also set forth various other contacts it argued appellees had with appellant in Ohio that would support jurisdiction in the state. The trial court sustained the motion to dismiss without conducting a hearing and appellant filed a timely notice of appeal and set forth the following assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT, FIRST MUTUAL FINANCIAL CORPORATION'S COMPLAINT ON THE BASIS THAT THE FRANKLIN COUNTY COURT OF COMMON PLEAS DID NOT HAVE JURISDICTION OVER DEFENDANT-APPELLEES, FAMILY SAVERS OF MISSISSIPPI, INC, AND MICHAEL F. CORCORAN, WHERE SUFFICIENT MINIMUM CONTACTS EXISTED FOR THE PURPOSE OF PERSONAL JURISDICTION.
When the defense of lack of personal jurisdiction is asserted in a motion filed pursuant to Civ.R. 12(B)(2), the plaintiff has the burden to establish the court's jurisdiction. Jurko v.Jobs Europe Agency (1975), 43 Ohio App.2d 79. If the court decides the issue of jurisdiction without an evidentiary hearing, it must view the allegations in the pleadings and any evidentiary material most favorably towards the non-moving party and resolve all inferences in favor of the non-moving party. In the absence of a hearing, the plaintiff need only make a prima facie case to demonstrate jurisdiction in order to defeat a motion to dismiss. Giachetti v. Holmes (1984), 14 Ohio App.3d 306.
In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(2), the trial court is not limited to the allegations in the complaint but may consider other evidence, such as answers to interrogatories, depositions or affidavits. There is no requirement that in considering matters outside the pleadings filed in support of a motion to dismiss, pursuant to Civ.R. 12(B)(2), that the motion be converted to a motion for summary judgment. Price v. Wheeling Dollar Savings Trust Co. (1983),9 Ohio App.3d 315.
In this instance, the complaint only alleges that Family Savers is a Mississippi corporation, that Angell is a resident of Alabama and Corcoran is a resident of Virginia, and that they entered into a contract with appellant that contained a choice-of-law provision. Despite appellant's assertion, the agreement attached to the complaint between appellant and Family Savers does not contain a choice-of-law provision; however, the personal guarantee signed by Corcoran and Angell does provide that the agreement will be construed in accordance with the laws of Ohio. Merely entering into a contract does not establish sufficient minimum contacts to grant the court jurisdiction over a dispute with a non-resident defendant.Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, nor is a choice-of-law provision in a contract, standing alone, sufficient to establish jurisdiction in Ohio. Kentucky OaksMall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73,78.
In response to appellees' motion to dismiss, appellant alleges various facts in its memorandum contra filed in the trial court and in its brief filed in this court which might have supported jurisdiction in Ohio; however, appellees did not present any evidentiary materials to support those facts through affidavit or otherwise. While a motion filed pursuant to Civ.R. 12(B)(2) does permit a court to consider matters outside the pleadings, more than unsubstantiated allegations in a memorandum or a brief is required. Jurko. Appellant never attempted to amend its complaint or file an affidavit in support of its claim of jurisdiction in Ohio. Therefore, the trial court did not abuse its discretion in granting the motion to dismiss.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
KENNEDY and BRYANT, JJ., concur.