CTI AUDIO, INC., Appellant,

v.

FRITKIN–JONES DESIGN GROUP, INC., Appellee.

[Cite as *CTI Audio, Inc. v. Fritkin–Jones Design Group, Inc.* (2001), 144 Ohio App.3d 449.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2001CA1.

Decided June 22, 2001.

 

*Joseph A. Downing,* for appellant.

*W. McGregor Dixon, Jr.,* for appellee.

GRADY, Judge.

This is an appeal from a summary judgment entered by the court of common pleas in favor of a defendant on a finding that the plaintiff is barred by the doctrine of *res judicata* from litigating the action.

Plaintiff–appellant, CTI Audio, Inc. ("CTI"), is a successor to Valor Enterprises, Inc. ("Valor"), the assets of which were acquired by CTI in 1998. In the year prior, 1997, Valor had entered into a contract with defendant-appellee, Fritkin–Jones Design Group, Inc. ("Fritkin–Jones"), for the design and construction of an exhibit booth for use at trade shows.

Fritkin–Jones delivered the booth to a trade show location designated by Valor, where it was used. Fritkin–Jones removed the booth when the show concluded and returned the booth to its facility for storage. Fritkin–Jones thereafter refused to turn over the booth to Valor, claiming that Valor had breached their contract. Valor disputed the claim and demanded delivery of the booth.

CTI, as Valor's successor, commenced an action in replevin against Fritkin–Jones in the Court of Common Pleas of Miami County in case No. 99–240. The pleadings indicated an address in Ohio for CTI and an address in Illinois for Fritkin–Jones. It apparently also indicated that the booth was in Nevada. Fritkin–Jones moved to dismiss pursuant to Civ.R. 12(B)(2), claiming that the court lacked personal jurisdiction. CTI did not respond. On August 24, 1999, the court dismissed CTI's action, finding that the pleadings failed to indicate the minimum contracts with Ohio necessary to confer personal jurisdiction on the court over Fritkin–Jones in the dispute involved.

CTI commenced this action against Fritkin–Jones in case No. 99–350 in the Court of Common Pleas of Miami County on September 15, 1999, three weeks after the court dismissed CTI's prior action in case No. 99–240. In this subsequent action, CTI pleaded claims for relief in replevin and for breach of contract. In respect to jurisdiction, the complaint further alleged, *inter alia,* that "[t]he Installment Sales Contract entered into between Valor Enterprises and Defendant (Fritkin–Jones) was entered into at Valor's place of business in Miami County, Ohio." A copy of the purported written contract was attached to the complaint, along with an affidavit of the president of Valor.

Fritkin–Jones answered, admitting the contract and certain aspects of the transaction, but denying liability. Among numerous affirmative defenses, Fritkin–Jones pleaded lack of jurisdiction and *res judicata.*

Fritkin–Jones moved for summary judgment on its *res judicata* defense, arguing that the court's determination in case No. 99–240 that it lacked personal jurisdiction over Fritkin–Jones precluded relitigation of that issue in the current action. CTI disputed the claim, arguing that *res judicata* does not apply. CTI also pointed to the affidavit of Valor's president attached to CTI's complaint, in which he stated that the contract between Valor and Fritkin–Jones "was executed at Valor's place of business located in Piqua, Ohio."

The trial court granted Fritkin–Jones' motion for summary judgment, holding that *res judicata* operates to bar the claim for personal jurisdiction necessary to CTI's action on its claims for relief. CTI filed a timely notice of appeal. It presents three assignments of error, which state:

First Assignment of Error

"It was error for the court below to dismiss plaintiff–appellant's complaint against defendant–appellee because Ohio law regarding *res judicata* does not bar plaintiff–appellant's claim."

Second Assignment of Error

"Because the previous case was not dismissed on its merits, it was error for the court below to hold *res judicata* bars the present action."

Third Assignment of Error

"It was error for the court below to grant summary judgment [to] defendant–appellee because the principles of equity prohibit the present case from being barred by the doctrine of *res judicata.*"

The foregoing assignments of error present but a single issue: whether the trial court erred when it applied the doctrine of *res judicata.* Therefore, the three assignments will be considered together.

█ The doctrine of *res judicata* holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. "The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Id.* at 381, 653 N.E.2d at 228. Because the prior action brought by CTI against Fritkin–Jones was dismissed without a judgment on the merits, only the issue-preclusion prong of *res judicata* can apply. *Berry v. Berry* (July 28, 1993), Montgomery App. No. 13746, unreported, 1993 WL 295096. Issue preclusion operates to collaterally estop the same parties from relitigating in a subsequent action a point of law or fact that was determined in a prior action between the parties or their privies. *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 12 O.O.3d 403, 391 N.E.2d 326.

█ The particular "issue" that the court held is precluded by its decision in the prior case is whether the court possesses personal jurisdiction over Fritkin–Jones necessary to determine the claims for relief brought against it by CTI. Defendant-appellee Fritkin–Jones did not argue a failure of service. Therefore, personal jurisdiction may exist if Ohio's "long-arm statute" applies. *U.S. Sprint Communications Co. v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 624 N.E.2d 1048. That provision, R.C. 2307.382, states:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;

"(2) Contracting to supply services of goods in this state[.]"

Both the complaint that CTI filed in the current action and the affidavit attached to the complaint demonstrate grounds on which the court may exercise long-arm jurisdiction over Fritkin–Jones on the claims for relief involved. The question presented is whether CTI is nevertheless estopped by the court's decision in the prior action from relitigating the issue of personal jurisdiction.

The trial court held that CTI is estopped from relitigating the issue of the court's personal jurisdiction over Fritkin–Jones in case No. 99–240 because the court had determined that issue adversely to CTI in case No. 99–350. In so holding, the trial court relied on several unreported appellate decisions. The one most closely analogous to the facts here is *Keene v. Am. Inst. of Steel Constr.* (Feb. 11, 1982), Cuyahoga App. No. 43685, unreported, 1982 WL 2338.

*Keene* likewise involved a prior action that was dismissed for lack of personal jurisdiction over an out-of-state defendant. The movant argued that it did not in fact engage in an activity in Ohio that the plaintiff had alleged in its complaint to

plead personal jurisdiction, and the motion to dismiss was supported by an affidavit. The trial court granted the motion, finding that the evidence before it failed to portray the necessary minimum contacts with Ohio. In a subsequent action alleging the identical jurisdictional facts, the court dismissed the action on a finding that the plaintiff was collaterally estopped from relitigating the same issue of fact and law the court had determined previously. The appellate court affirmed the trial court's order.

A result contrary to the result in *Keene* was reached in *Jurko v. Jobs Europe Agency* (1975), 43 Ohio App.2d 79, 72 O.O.2d 287, 334 N.E.2d 478. There, an out-of-state defendant moved to dismiss for lack of personal jurisdiction, and as in *Keene* supported its motion with an affidavit denying the jurisdictional facts alleged in the complaint. The plaintiff failed to oppose the motion or amend its complaint. The court granted the motion, with prejudice. On appeal, the appellate court held that the motion was properly granted but that the trial court erred when it granted the motion "with prejudice." The court noted that Civ.R. 41(B)(4) provides that a dismissal for lack of personal jurisdiction operates as a failure otherwise than on the merits. The appellate court observed that the plaintiff could have cured the problem by filing an amended complaint per Civ.R. 15(A) or by voluntarily dismissing his action pursuant to Civ.R. 41(A). The plaintiff did neither. However, the court went on to state that the dismissal the trial court ordered could not prejudice the plaintiff's right to pursue a third alternative of filing another complaint on the same claim for relief, one in which jurisdiction was properly pleaded. *Id.* at 88, 72 O.O.2d at 292, 334 N.E.2d at 483–484.

The particular issue involved here is not whether the prior action should have been dismissed "with prejudice" but whether that dismissal is *res judicata* as to a subsequent action on the same claim for relief. We believe that is a distinction without a difference, however. Further, we believe that the correct result was reached in *Jurko, supra,* and not in *Keene.*

*Jurko* relied on Civ.R. 41(B)(4), which states:

"Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

The rule reflects "the policy of the Civil Rules that dismissal of an action for want of jurisdiction * * * does not bar the commencement of a new action on the same claim if the defect is cured." Baldwin's Civil Practice, Section 41–36, at 233. On that basis, and specifically pertinent to the issue presented here, the Supreme Court has held that a dismissal for lack of jurisdiction is not *res judicata* to a subsequent action. *State ex rel. Schneider v. N. Olmsted Bd. of*

*Edn.* (1988), 39 Ohio St.3d 281, 530 N.E.2d 206. That holding implicitly overrules the earlier decision in *Keene, supra,* on which the trial court here relied.

Applying the rule of *Schneider,* we find that the trial court erred when it dismissed the action brought by CTI against Fritkin–Jones in case No. 99–350 on account of the fact that it had previously dismissed the action brought in case No. 99–240 for lack of personal jurisdiction over Fritkin–Jones. CTI is not barred by *res judicata* from commencing a second action on the same claims for relief, one in which the pleading defect that doomed the prior action has been cured. The complaint that CTI filed in case No. 99–350 satisfies that requirement.

The assignments of error are sustained. The judgment from which this appeal was taken will be reversed, and the cause will be remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WOLFF, P.J., and FREDERICK N. YOUNG, J., concur.