OPINION
{¶ 1} Plaintiff-appellant Summitville Tiles, Inc. appeals the decision of the Columbiana County Common Pleas Court which granted the motions to dismiss filed by defendants-appellees K-Tel Corporation d.b.a. Universal Brick Systems, Inc. and Travelers Casualty and Surety Company of America. On appeal, appellant claims that the language used in the forum selection clause in the bond issued by Travelers permits this suit to be brought in Ohio. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In the spring of 2003, K-Tel, a Michigan corporation, ordered bricks from appellant by telephone to be delivered at a vendor's place of business in Michigan. K-Tel was a subcontractor on a large construction project in Southgate, Michigan and was going to use the bricks to fulfill its responsibility on that project. Travelers is an insurance company that issued a payment bond to the general contractor for that construction project obligating itself to pay for labor, material, and equipment furnished for use during the construction project.
 {¶ 3} Upon delivery, K-Tel apparently claimed that the material did not meet its specifications. In March 2004, appellant filed suit against K-Tel for breach of contract as a result of K-Tel's failure to pay for the materials delivered. K-Tel claimed setoff due to the charges incurred as a result of the failure to meet the ordered specifications. Appellant also sued Travelers for payment under the bond. Appellant sought $14,437.07 plus costs and attorneys' fees.
 {¶ 4} Travelers filed a motion to dismiss on the grounds of a lack of personal jurisdiction and venue. First, they alleged the suit against them was filed in an improper forum because of a forum selection clause in the bond that formed the basis for appellant's claim against it. They attached the bond to their motion to establish the language of the forum selection clause, which states in relevant part:
 {¶ 5} "No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located * * *."
 {¶ 6} Travelers also attached an affidavit from the president of the general contractor of the job for whose company the bond was primarily issued. The affidavit established that the construction project was in Southgate, Michigan and that all work on the project was performed in Michigan. Travelers concluded that they could not be sued on the bond in Ohio under the language of the forum selection clause.
 {¶ 7} Travelers also argued that there was a lack of personal jurisdiction over K-Tel for other reasons. That is, they urged that merely because a nonresident company ordered materials over the telephone from an Ohio corporation does not provide personal jurisdiction in Ohio over that company.
 {¶ 8} Appellant filed a response to the motion to dismiss. Appellant's sole argument was that the phrase in the forum selection clause, "part of the work," can reasonably include the location where the bricks were manufactured, which was in Columbiana County, Ohio. Appellant noted that the bond did not specify that suit could only be brought in Michigan.
 {¶ 9} The court denied the motion on May 26, 2004, the day after appellant's response, without giving Travelers time to respond. Still, Travelers filed a reply a few days later, noting that the cases they cited all have forum selection language identical to the bond in this case. They reasoned that if appellant's interpretation of the bond is valid, then they could be sued on the bond anywhere in the world that made a part or material used on the Michigan construction project.
 {¶ 10} Travelers also pointed out that the forum selection language specifies, "the location in which the work or part of the work is located," emphasizing the phrase "is located" and noting the verb tense is present not past. They concluded that even if "part of the work" applies to materials such as those made by Summitville, that part of the work "is located" in Michigan at this present time, and thus, the forum selection clause provides for venue only in the proper Michigan court. They also noted that appellant violated Civ.R. 10(D) by failing to attach a copy of the bond to its complaint.
 {¶ 11} Thereafter, K-Tel filed a motion to dismiss incorporating the arguments previously made by Travelers. In alleging a lack of personal jurisdiction, K-Tel further explained that its orders were placed by telephone, confirmed by fax, and delivered to their vendor in Michigan. K-Tel also noted that it never visited appellant in Ohio and no construction using the materials took place in Ohio. They attached an affidavit to support these allegations.
 {¶ 12} Appellant responded merely by reiterating its prior bond interpretation argument that "part of the work" took place in Ohio. On July 9, 2004, the trial court granted K-Tel's motion to dismiss for lack of personal jurisdiction. The court found that the only contact with Ohio was a telephone order and this is not enough to exercise long arm jurisdiction over K-Tel. The court then stated that it was revisiting its decision on the motion filed by Travelers and was now granting that motion to dismiss as well. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 13} Appellant's sole assignment of error and issue presented read as follows:
 {¶ 14} "The trial court erred in granting K-Tel's and Traverlers' motion to dismiss."
 {¶ 15} "After construing the forum selection clause of the payment bond in favor of Summitville, reasonable minds could conclude that `part of the work' for the construction project was performed in Columbiana County, Ohio."
 {¶ 16} Appellant's argument is a mere one page long. It contends that personal jurisdiction was established because the forum selection clause allows them to sue in Ohio. Again, they aver that "part of the work" was performed here since the bricks were made here. They conclude that viewing the evidence in the light most favorable to them, the language can be construed as permitting suit where parts used on the construction project were originally made.
 {¶ 17} A forum selection clause acts as a waiver of the minimum contacts test used to determine personal jurisdiction.Kennecorp Mortgage Brokers, Inc. v. Country Club ConvalescentHosp., Inc. (1993), 66 Ohio St.3d 173, 175. The plain language of the forum selection clause in the payment bond here provides that suit shall only be brought in a court in the location in which the work or part of the work is located.
 {¶ 18} Even if "part of the work" could conceivably be construed to include manufacturing of materials offsite instead of just referring to the jobsite of the construction project, the clause specifically provides for the suit to be brought where that work is located at the time of the suit. It is undisputed that the material (or the work) upon which this suit is brought is located at the construction project in Southgate, Michigan. As such, no "part of the work is located" in Columbiana County, Ohio. Thus, appellant's only argument[1] on appeal is without merit.
 {¶ 19} Once personal jurisdiction was challenged, appellant as the plaintiff had the burden of making a prima facie showing of personal jurisdiction and of credibly supporting its factual allegations of personal jurisdiction. Grossi v. PresbyterianUniv. Hosp. (1980), 4 Ohio App.3d 51, 53 (7th Dist.), citingJurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79. In ruling on the motion to dismiss for lack of personal jurisdiction, the court was permitted to consider appellees' attachments with supporting affidavits. Id. at 54-55. See, also, Civ.R. 12(B) and (D). Appellant did not respond in kind, with affidavits or relevant attachments.
 {¶ 20} In fact, they sued on a bond and a contract or purchase order but failed to attach either to their complaint. See Civ.R. 10(D). Rather, they merely supported their contention of personal jurisdiction by pointing to the language of the bond, which was actually presented to the court by Travelers. They made no other allegations to support their case of personal jurisdiction. See footnote one infra. Because the language of the forum selection clause cannot be reasonably interpreted as they urge, they failed to meet their burden of establishing a prima facie case of personal jurisdiction.
 {¶ 21} Finally, we note that appellant's arguments in support of personal jurisdiction presented to the trial court and to this court do not explain how a forum selection clause in a bond between a general contractor and the insurer act to waive personal jurisdiction by a subcontractor in favor of a claimant/supplier. This assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] Apparently, appellant concedes that the general test for personal jurisdiction over a nonresident dealing with minimum contacts was not met for K-Tel. See R.C. 4.3(A); R.C. 2307.382(A) (for Ohio law on personal jurisdiction). See, also,International Shoe Co. v. Washington (1945), 326 U.S. 310
(explaining minimum contacts for personal jurisdiction). K-Tel and Travelers cited cases in support of their argument that there is no personal jurisdiction over K-Tel in Ohio merely because they ordered material from an Ohio corporation over the telephone. Appellant did not attempt to rebut this argument below or in the appellate brief as an alternative to their reliance on the forum selection clause. Rather, appellant only presents arguments over the interpretation of the forum selection clause in the bond issued by Travelers.