[Cite as *Simmons v. Budde*, 2015-Ohio-3780.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Susan E. Simmons, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-846 |
| v. | : | (C.P.C. No. 13CV-11145) |
| Hannah E. Budde, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

## D E C I S I O N

### Rendered on September 17, 2015

*Law Offices of Stanley B. Dritz, Stanley B. Dritz*, and *D. Chadd McKitrick*, for appellant.

*Mazanec, Raskin & Ryder Co., L.P.A., David K. Frank*, and *Douglas C. Boatright*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Susan E. Simmons, appeals the September 23, 2014 decision and entry of the Franklin County Court of Common Pleas granting the motion to dismiss filed by defendant-appellee, Hannah E. Budde, for lack of personal jurisdiction under Civ.R. 12(B)(2). For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 9, 2008, Simmons, an Ohio resident, and her daughter, Budde, were involved in a car accident in Missouri, during which Simmons was the passenger of a car driven by Budde. The car, owned by Budde's father, an Ohio resident, was registered

and insured in Ohio.  Because she had already reserved her return flight for later that day, Simmons returned to Ohio and alleges that she underwent medical treatment in Franklin County for injuries related to the car accident.

{¶ 3}   At the time of the accident, Budde temporarily resided in Missouri on a two-year "Teach for America" assignment while, according to Simmons, still retaining her Ohio voter registration and her previous residence at Simmons' home.  Budde moved to Connecticut in June 2010.  While a resident of Connecticut, Budde returned to Ohio for her July 2013 wedding and preparation activities.  Simmons asserts that Budde continues to frequently return to Ohio for holidays and visits with friends and family.

{¶ 4}   On October 8, 2013, Simmons filed a complaint alleging negligence on the part of Budde, which caused Simmons' bodily injury and resultant medical expenses, property expenses, lost wages, pain and suffering, and loss of enjoyment of life.  On November 11, 2013, Budde filed a motion to dismiss under Civ.R. 12(B)(1) and (2) for lack of subject-matter jurisdiction and personal jurisdiction.  On December 6, 2013, Simmons filed a memorandum contra with an attached notarized affidavit.  Budde filed a reply a few weeks later.

{¶ 5}   On September 23, 2014, the trial court granted Budde's motion to dismiss under Civ.R. 12(B)(2) for lack of personal jurisdiction.  The trial court reasoned, "[b]ecause the cause of action set forth in the plaintiff's complaint arises from the non-resident defendant's operation of a motor vehicle in the state of Missouri, and the plaintiff's injury did not occur in Ohio, even when viewing the facts in a light most favorable to the plaintiff, this Court cannot exercise personal jurisdiction over the non-resident defendant."  (Sept. 23, 2014 Decision and Entry, 3.)  Having determined it lacked personal jurisdiction, the trial court did not address subject-matter jurisdiction and dismissed the complaint without prejudice.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   Appellant presents two assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS AS THE TRIAL COURT HAS PERSONAL JURISDICTION OVER THE APPELLEE.

[II.] THE TRIAL COURT ERRED BY DISMISSING THE APPELLANT'S COMPLAINT WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE MATTER.

## III. DISCUSSION

### A. Standard of Review

{¶ 7}  "Personal jurisdiction is a question of law that appellate courts review de novo."  *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 27.  Upon a defendant's motion to dismiss, the plaintiff bears the burden of establishing that the trial court has personal jurisdiction over the defendant.  *Id.*, citing *Fallang v. Hickey*, 40 Ohio St.3d 106, 107 (1988).  If the court determines a Civ.R. 12(B)(2) motion to dismiss without an evidentiary hearing, "the plaintiff need only establish a prima facie showing of personal jurisdiction, which requires sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction."  Austin Miller Am. Antiques, Inc. v. Cavallaro, 10th Dist. No. 11AP-400, 2011-Ohio-6670, ¶ 7.  In resolving the motion, the court must view the allegations in the pleadings and the evidence in the light most favorable to the plaintiff and make all reasonable inferences in the plaintiff's favor.  *Kauffman Racing* at ¶ 27, citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232 (1994).

### B. First Assignment of Error

{¶ 8}  As a preliminary matter, we note that in her memorandum contra to Budde's motion to dismiss, Simmons employed the "two-step" specific personal jurisdiction analysis for nonresidents set by the Supreme Court of Ohio in *Goldstein* and more recently in *Kauffman Racing* at ¶ 28, and *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 12.

{¶ 9}  However, on appeal, Simmons continued to advance the two-step specific personal jurisdiction analysis for nonresidents but then shifted her argument to contend, for the first time, that Budde is actually a "resident" of Ohio subject to personal jurisdiction under *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 116 Ohio St.3d 167, 2007-Ohio-5753, ¶ 5.  Simmons also arguably[1] raised for the first time on appeal, at oral

---

[1] Later in oral argument, Simmons agreed that we should use the two-step nonresident analysis in this case.

argument, the theory that Ohio courts have general personal jurisdiction over Budde independent from the two-step specific personal jurisdiction analysis.

{¶ 10} "A party may not change its theory of the case and present new arguments for the first time on appeal." *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13. Neither may a party advance new arguments in its reply brief or at oral argument. *Id.*; *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 20, citing App.R. 12(A)(1)(b) and 16(A)(7). *See also* App.R. 21(I) ("If counsel on oral argument intends to present authorities not cited in the brief, counsel shall, at least five days prior to oral argument, present in writing such authorities to the court and to opposing counsel, unless there is good cause for a later presentment.").

{¶ 11} Simmons' specific personal jurisdiction argument before the trial court gave no indication of either the Ohio resident theory or the independent general personal jurisdiction theory. Simmons clearly states in her memorandum contra, "[i]t is well-established that in order to determine whether it has personal jurisdiction over a non-resident defendant, an Ohio court must engage in a two-step analysis," cites *Goldstein,* and in her due process analysis, only cites and applies the standard for specific jurisdiction without reference to general jurisdiction or its standard. (Dec. 6, 2013 Memorandum Contra, 3.)

{¶ 12} As Simmons did not argue either the Ohio resident theory or the independent general personal jurisdiction theory before the trial court, we decline to address those arguments as alternative bases for personal jurisdiction in this case for the first time. *See Kauffman Racing* at ¶ 46 (addressing only specific personal jurisdiction where the plaintiff failed to allege general personal jurisdiction); *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 758 (2014) (addressing only general jurisdiction where the plaintiff did not argue specific jurisdiction); *Fraley Trucking v. Oeding*, 12th Dist. No. CA2011-09-180, 2012-Ohio-4770, ¶ 9, *rev'd on other grounds*, 138 Ohio St.3d 250, 2014-Ohio-452. Instead, we will address the theory that Simmons presented to the trial court that "Ohio's long-arm statute and the applicable civil rule confer personal jurisdiction in this matter, and, exercising jurisdiction under the statute and rule comports with the defendant's due process rights." (Dec. 6, 2013 Memorandum Contra, 9.) For the reasons below, we disagree with Simmons.

{¶ 13} "Ohio's long-arm statute is not coterminous with due process." *Kauffman Racing* at ¶ 45.  Therefore, "[t]he determination whether an Ohio court has personal jurisdiction over an out-of-state defendant requires a two-step inquiry." *Fraley* at ¶ 12. See also Shoptaw v. I & A Auto Sales, Inc., 10th Dist. No. 12AP-453, 2012-Ohio-6259, ¶ 6. As stated in *Fraley*:

> First, the court must determine whether the defendant's conduct falls within Ohio's long-arm statute or the applicable civil rule. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75 (1990).  If it does, then the court must consider whether the assertion of jurisdiction over the nonresident defendant would deprive the defendant of due process of law under the Fourteenth Amendment to the United States Constitution. *Id.*

*Id.* at ¶ 12.

{¶ 14} We begin with the question whether Simmons' conduct falls within Ohio's long-arm statute, R.C. 2307.382, or complementary service rule, Civ.R. 4.3(A).  Simmons specifically contends that Budde is subject to Ohio's long-arm statute under R.C. 2307.382(A)(4), (8), and (9), and those civil rule equivalents, as well as Civ.R. 4.3(A)(1) and (3).  R.C. 2307.382, in pertinent part, provides as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>  * * *
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> * * *
>
> (8) Having an interest in, using, or possessing real property in this state;
>
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

\* \* \*

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

{¶ 15} The requirements for out-of-state service of process to effectuate personal jurisdiction on nonresident defendants "mirror" the long-arm statute under these sections. *Kauffman Racing at* ¶ 35. In pertinent part, Civ.R. 4.3(A) states:

**When service permitted.** Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. "Person" includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:

(1) Transacting any business in this state;

\* \* \*

(3) Causing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

\* \* \*

(6) Having an interest in, using, or possessing real property in this state;

(7) Contracting to insure any person, property, or risk located within this state at the time of contracting.

{¶ 16} Under R.C. 2307.382(A)(4) and its civil rule equivalent, an Ohio court may exercise personal jurisdiction over a nonresident based upon an out-of-state act, but only if the plaintiff's cause of action arises from the defendant causing tortious injury in Ohio. In *Robinson v. Koch Refining Co.*, 10th Dist. No. 98AP-900 (June 17, 1999), this court analyzed whether the continuing or worsening symptoms of physical injuries which occurred out-of-state equated to causing tortious injury in Ohio under R.C. 2307.382(A)(4). There, the plaintiff, an Ohio resident, came into contact with gas oil that leaked through tubing he was unloading in Illinois. Upon returning home to Ohio, the plaintiff sought medical attention and experienced additional symptoms and a worsening of his condition. The trial court, without an evidentiary hearing, granted the defendant's motion to dismiss due to a lack of personal jurisdiction. On appeal, the plaintiff argued that they made a prima facie showing of personal jurisdiction by way of R.C. 2307.382(A)(4) due to the plaintiff's continuing and additional injuries in Ohio. This court disagreed, stating:

> The injury, which is the basis of the complaint, must have occurred in Ohio to confer personal jurisdiction over an out-of-state party under R.C. 2307.382(A)(4). * * * However, as the trial court noted, a tortious injury is not considered to have occurred in Ohio simply because a party continues to suffer from the effects of the injury after returning to Ohio.

*Id.*

{¶ 17} As such, the court found that the plaintiff's injury did not occur in Ohio, and, consequently, appellant failed to present a prima facie case of personal jurisdiction under R.C. 2307.382(A)(4).

{¶ 18} Here, Simmons asserts that she sought medical treatment in Ohio and suffered the after-effects of an injury she sustained from a car accident which undisputedly occurred in Missouri. Under *Robinson*, these facts are insufficient to establish that Simmons' cause of action arises from Budde's causing tortious injury in Ohio. Therefore, appellant has failed to present a prima facie case of personal jurisdiction under R.C. 2307.382(A)(4).

{¶ 19} Under R.C. 2307.382(A)(8), an Ohio court may exercise personal jurisdiction over a nonresident who uses real property in Ohio but only if that use of property gives rise to the cause of action. R.C. 2307.382(A)(8) and (C). *See, e.g., Prouse,*

*Dash & Crouch, L.L.P. v. DiMarco*, 175 Ohio App.3d 467, 2008-Ohio-919, ¶ 20 (8th Dist.), *appeal not accepted*, 119 Ohio St.3d 1415, 2008-Ohio-3880 (determining on remand that the nonresident who still owned and formerly lived in an Ohio home was not subject to personal jurisdiction in Ohio's courts under R.C. 2307.382(A) because "there is no connection between [plaintiff's] claims and [defendant's] interest in the Ohio property").

{¶ 20} Viewing Simmons' affidavit in a light most favorable to Simmons shows that Budde used Simmons' Ohio home as a residence. However, since Budde's use of Simmons' residence did not give rise to the car accident which resulted in the alleged injuries, Simmons has failed to present prima facie evidence of personal jurisdiction under R.C. 2307.382(A)(8).

{¶ 21} Under R.C. 2307.382(A)(9), an Ohio court may exercise personal jurisdiction over a nonresident who contracts to insure any person, property, or risk located within Ohio at the time of contracting. But, again, the court may only exercise such jurisdiction if the insurance contract gives rise to the cause of action, which is against the facts here. In addition, Simmons' affidavit does not show whether Budde insured the car herself rather than her father, the owner of the car. Therefore, Simmons failed to present prima facie evidence of personal jurisdiction under R.C. 2307.382(A)(9).

{¶ 22} The sections Simmons cites to under Civ.R. 4.3(A) likewise fail. Under Civ.R. 4.3(A)(1), service of process on an out-of-state defendant is authorized where a claim that is the subject of the complaint arose from the defendant's "[t]ransacting any business in this state." Simmons fails to develop an argument under this section. If Simmons intended facts regarding Budde's planning and having a wedding in Ohio to fulfill this section, Simmons nonetheless lacks evidence showing her complaint arose from the wedding or planning. Under Civ.R. 4.3(A)(3), service of process on an out-of-state defendant is authorized where a claim that is the subject of the complaint arose from the defendant's "[c]ausing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle * * * in this state." Because the "act" here, the car accident, undisputedly occurred out-of-state, Simmons cannot show personal jurisdiction through this section. Therefore, because the enumerated sections of Civ.R. 4.3(A) are not met, the fact that Budde was

served with process out-of-state nonetheless does not provide Ohio court's with personal jurisdiction over Budde.  *See Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, fn. 1 (noting that sufficient out-of-state service of process, the issue at bar, was a separate issue from whether a trial court ultimately would possess personal jurisdiction).

{¶ 23} For all the above reasons, Simmons did not meet her burden of showing Budde was subject to the personal jurisdiction of Ohio's courts under the long-arm statute or Civ.R. 4.3.  Because the first of Ohio's "two-step analysis" is not met, we do not address whether an Ohio court's assertion of personal jurisdiction over Budde would deprive her of due process of law.  *Kauffman Racing* at ¶ 28; *Dahlhausen v. Aldred*, 187 Ohio App.3d 536, 2010-Ohio-2172, ¶ 33 (12th Dist).

{¶ 24} Accordingly, Simmons' first assignment of error is overruled.

### C.  Second Assignment of Error

{¶ 25} Under her second assignment of error, Simmons contends the trial court erred in failing to hold an evidentiary hearing before dismissing her complaint and in not discussing in its decision and entry whether Simmons made a prima facie showing.

{¶ 26} As discussed in the first assignment of error, we agree with the trial court that the undisputed evidence upon which Simmons relies, even when viewed in a light most favorable to her, does not confer personal jurisdiction under Ohio's long-arm statute and Civ.R. 4.3. As such, Simmons did not show sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction, and, therefore, she falls short of meeting her burden of establishing a prima facie showing of personal jurisdiction under the two-step specific jurisdiction statute.

{¶ 27} Further, Simmons offered no authority, and our independent research found no authority, for her proposition that a court must specifically discuss the prima facie showing.  Rather, we find the lack of a prima facie showing inherent in the trial court's conclusion that, under these facts, it "cannot exercise personal jurisdiction" over Budde through Ohio's long-arm statute.  (Sept. 23, 2014 Decision and Entry, 3.)

{¶ 28} Accordingly, for the stated reasons, appellant's second assignment of error is overruled.

## IV.  CONCLUSION

{¶ 29} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas to dismiss Simmons' complaint without prejudice.

*Judgment affirmed.*

BROWN, P.J., concurs.
TYACK, J., dissents.

TYACK, J., dissenting.

{¶ 30} I simply cannot agree with the majority of this panel.  Therefore I dissent.

{¶ 31} As far as I can tell, on October 9, 2008, the day Susan Simmons was injured in an automobile collision, Hannah Simmons, her mother (Susan Simmons), and Hannah's father all were residents of the state of Ohio.  The car in which the injury occurred was owned by Hannah's father and registered in Ohio.  The car was insured by an insurance company licensed to do business in Ohio.

{¶ 32} Had Susan Simmons filed suit the day after her daughter caused her to be injured, the issue of the jurisdiction of the Ohio courts would not have even been discussed.  I do not see how anything has occurred in the meantime to deprive the Ohio courts of that jurisdiction.

{¶ 33} After the injury, Hannah Simmons got married here in Ohio, changed her last name to Budde, and moved to the East Coast.  She still has extensive ties to her family and to Ohio, so there is no due process issue involved in her being sued in Ohio.

{¶ 34} There is nothing in the record before us to indicate that Hannah does not want her mother to be compensated for the injuries Hannah caused.  There is nothing in the record to indicate that the owner of the car, Hannah's father, does not want his wife to be compensated.  The medical treatment Susan Simmons received was mostly rendered in Ohio, so Ohio is clearly the most convenient forum to litigate the damages resulting from the wreck.

{¶ 35} So who does not want this case to proceed?  The lawyers for the insurance company and the insurance company.  The lawyers are ignoring the apparent wishes of their client Hannah and pursuing the financial interests of the entity which is paying the

lawyer fees. Situations like this are part of why the practice of law has such a bad reputation among some United States citizens.

{¶ 36} What is the legal theory espoused by the lawyers paid by the insurance company to thwart their client's desires and interests? The theory is that Ohio's rules of civil procedure do not allow service of process, i.e., effective service of the court documents on a former Ohio resident if the wreck in which she injured her mother happened in another state. The majority of this court panel buys this theory despite what to me is the clear wording of R.C. 2307.382(A)(4), which reads:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> * * *
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

{¶ 37} Hannah Simmons, now Budde, clearly has an ongoing relationship with her mother. In the words of the statute, Hannah engages in a persistent course of conduct with her mother. The same phrase is present in Civ.R. 4.3(A) which allows service when the person being sued engages in a persistent course of conduct with the person who filed the lawsuit. Neither R.C. 2307.382 nor Civ.R. 4.3 says course of business conduct, only course of conduct.

{¶ 38} Further, Hannah did cause tortious injury in Ohio. The physical harm Susan Simmons initially suffered in Missouri is an ongoing situation in Ohio. The medical bills to treat those injuries were incurred in Ohio. The pain her mother suffers is suffered in Ohio.

{¶ 39} This is not at all the situation presented in *Robinson v. Koch Refining Co.*, 10th Dist. No. 98AP-900 (June 17, 1999). In the *Robinson* case, the harm which was inflicted was not inflicted by a person who was an Ohio resident at the time of the injury.

{¶ 40} Simply put, I believe that Ohio courts have jurisdiction under this somewhat unique set of facts.  Therefore, I would sustain the first assignment of error and order the case remanded to the trial court for further proceedings.

_____