[Cite as *Ed Map, Inc. v. Delta Career Edn. Corp.*, 2020-Ohio-358.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ed Map, Inc., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-712 |
| v. | : | (C.P.C. No. 18CV-2305) |
| Delta Career Education Corporation et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 4, 2020

**On brief:** *Isaac Wiles Burkholder & Teetor, LLC, David M. Whittaker*, and *Dale D. Cook*, for appellant. **Argued:** *Michael L. Close.*

**On brief:** *Squire Patton Boggs (US) LLP, C. Craig Woods, Andrew H. King*, and *Michael T. Mullaly*, for appellees STVT-AAI Education, Inc. and Ancora Intermediate Holdings, LLC. **Argued:** *Andrew H. King.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Ed Map, Inc. ("Ed Map"), appeals from a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss for lack of personal jurisdiction filed by defendants-appellees STVT-AAI Education, Inc., doing business as Ancora Education ("Ancora Education") and Ancora Intermediate Holdings, LLC ("Ancora Holdings") (collectively, the "Ancora Defendants"). Because we conclude an evidentiary hearing was necessary to determine whether the Ancora Defendants were subject to a contractual forum selection clause providing for jurisdiction in Franklin County, we reverse and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2} Ed Map filed a complaint in the common pleas court against the Ancora Defendants and defendants-appellees Delta Career Education Corporation ("Delta Career"), Atlantic Coast Colleges, Inc., Berks Technical Institute, Inc., McCann Education Centers, Inc., McCann School of Business and Technology, Inc., Miller-Motte Business College, Inc., Palmetto Technical College, Inc., and Piedmont Business Colleges, Inc. (collectively, the "Delta Defendants"). The complaint alleged that Ed Map entered into a contract with Delta Career for educational books and services in February 2012 ("the Bookstore Contract"). Ed Map claimed Delta Career was in breach of the Bookstore Contract as of December 2017. The complaint further asserted that Ancora Holdings acquired the Delta Defendants through an asset purchase agreement in January 2018 ("the Purchase Agreement") and assumed certain liabilities and contracts of the Delta Defendants, including the Bookstore Contract. The complaint claimed that Ancora Holdings acknowledged, ratified, induced performance of, or benefited from the Bookstore Contract. The complaint further stated that Ancora Holdings had assigned and transferred the Bookstore Contract to Ancora Education. The complaint asserted claims for breach of contract, fraud, failure to pay an account stated, promissory estoppel, and unjust enrichment against Delta Career and the Ancora Defendants.

{¶ 3} The Ancora Defendants moved to dismiss for lack of personal jurisdiction, asserting that both Ancora Education and Ancora Holdings were established under Texas law and had their principal places of business in Texas. The Ancora Defendants asserted that neither Ancora Education nor Ancora Holdings acquired the Bookstore Contract, pursuant to the Purchase Agreement, and that none of the assets acquired by the Ancora Defendants under the Purchase Agreement were located in or had significant connections to Ohio. The Ancora Defendants claimed Ed Map failed to establish that personal jurisdiction over them was proper under Ohio's long-arm statute or the principles of due process.

{¶ 4} Ed Map filed a memorandum in opposition to the motion to dismiss, asserting the common pleas court had jurisdiction over the Ancora Defendants based on a forum selection clause contained in the Bookstore Contract, actions by the Ancora Defendants constituting the transaction of business in Ohio, and actions by the Ancora

Defendants that caused tortious injury to Ed Map in Ohio. The Ancora Defendants filed a reply memorandum in support of their motion to dismiss and Ed Map filed a sur-reply in opposition.

{¶ 5} On August 22, 2018, without conducting a hearing on the motion to dismiss, the common pleas court granted the Ancora Defendants' motion, holding that the Ancora Defendants did not acquire the Bookstore Contract under the Purchase Agreement and, therefore, were not subject to the forum selection clause contained in the Bookstore Contract. The court further concluded Ed Map failed to establish the Ancora Defendants possessed minimum contacts with Ohio such that the court could exercise personal jurisdiction over them. Ed Map moved for reconsideration, arguing the common pleas court failed to construe the language of the Purchase Agreement in its favor. The common pleas court denied Ed Map's motion for reconsideration, concluding that even when all inferences were made in Ed Map's favor, the Purchase Agreement failed to establish that the Ancora Defendants assumed the Bookstore Contract.

## II. Assignments of Error

{¶ 6} Ed Map appeals and assigns the following three assignments of error for our review:

> [I.] The trial court erred in granting the Ancora defendants' motion to dismiss for lack of personal jurisdiction.
>
> [II.] The trial court improperly weighed the evidence and applied an improper standard in construing the pleadings and evidence in the deciding the motion to dismiss under Civil Rule 12(B)(2).
>
> [III.] The trial court erred in denying Map's motion for reconsideration.

## III. Analysis

## A. Standard of Review

{¶ 7} Ed Map claims in its first assignment of error that the common pleas court erred by granting the Ancora Defendants' motion to dismiss for lack of personal jurisdiction. Personal jurisdiction is a question of law subject to de novo review. *Simmons v. Budde*, 10th Dist. No. 14AP-846, 2015-Ohio-3780, ¶ 7. When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing

that the trial court has personal jurisdiction over the defendant. *Id.* "If the court determines a Civ.R. 12(B)(2) motion to dismiss without an evidentiary hearing, 'the plaintiff need only establish a prima facie showing of personal jurisdiction, which requires sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction.' " *Id.*, quoting *Austin Miller Am. Antiques, Inc. v. Cavallaro*, 10th Dist. No. 11AP-400, 2011-Ohio-6670, ¶ 7. The trial court must construe the allegations in the pleadings and the evidence in the light most favorable to the plaintiff and make all reasonable inferences in the plaintiff's favor when resolving a Civ.R. 12(B)(2) motion without conducting an evidentiary hearing. *Simmons* at ¶ 7. *See also Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994) ("Accordingly, [the trial judge] was required to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all competing inferences in their favor."). If a plaintiff produces sufficient evidence to allow reasonable minds to conclude the trial court has personal jurisdiction over a defendant, "the trial court could not dismiss the complaint without holding an evidentiary hearing." *Benjamin v. KPMG Barbados*, 10th Dist. No. 03AP-1276, 2005-Ohio-1959, ¶ 27.

{¶ 8} It is undisputed that the Ancora Defendants were not established under Ohio law and that neither of them has its principal place of business in Ohio. Thus, to establish personal jurisdiction over the Ancora Defendants, Ed Map was required to show that the Ancora Defendants consented to jurisdiction in Ohio or that the common pleas court could exercise personal jurisdiction over them under Ohio law.

{¶ 9} Generally, a court must undertake a two-step analysis to determine whether it has personal jurisdiction over a non-resident defendant. First, the court must consider whether Ohio's long-arm statute and applicable civil rule confer personal jurisdiction over the non-resident defendant. Second, if the statute and rule confer jurisdiction, the court must consider whether exercising jurisdiction comports with the non-resident defendant's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Goldstein* at 235; *Joffe v. Cable Tech, Inc.*, 163 Ohio App.3d 479, 2005-Ohio-4930, ¶ 11 (10th Dist.). However, "the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp. Inc.*, 66 Ohio St.3d 173, 175 (1993).

"[I]n the light of present-day commercial realities, it has been stated that a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside." *Id.* Citing this court's decision in *Ranco, Inc. of Delaware v. Gold Secs. Australia, Ltd.*, 10th Dist. No. 90AP-114 (Jan. 31, 1991), Ed Map argues that acquisition of a contract containing a forum selection clause imputes consent to jurisdiction to the successor. In *Ranco*, this court reversed the trial court's order granting a motion to dismiss for lack of personal jurisdiction and remanded for an evidentiary hearing, holding that "to the extent that a successor in interest could assume the liabilities of its predecessor, jurisdiction over the successor cannot necessarily be precluded merely because the successor was not an original party to an agreement."

## B. Consent to Personal Jurisdiction via Forum Selection Clause in Bookstore Contract

{¶ 10} Ed Map first argues the Ancora Defendants consented to personal jurisdiction in Ohio because the Bookstore Contract contained a forum selection clause providing for jurisdiction in Ohio. Ed Map asserts the Ancora Defendants acquired the Bookstore Contract and the incorporated forum selection clause under the Purchase Agreement and, therefore, effectively consented to jurisdiction in Franklin County, Ohio, for disputes arising from the Bookstore Contract.

### 1. Terms of the Bookstore Contract

{¶ 11} A copy of the Bookstore Contract was attached as an exhibit to Ed Map's complaint. It contained a provision specifying that it was governed by the laws of Ohio and that both parties consent to the jurisdiction of any federal or state court in Franklin County, Ohio, for any disputes arising out of the Bookstore Contract. With respect to the duties of Ed Map and Delta Career, the Bookstore Contract provided that Ed Map would purchase, manage, and distribute textbooks on behalf of Delta Career, and provide access to certain specified software. The Bookstore Contract designated Ed Map as the exclusive and official distributor and provider of textbooks and related materials for certain Delta Career schools, divisions, or campuses, to be set forth in a content fulfillment plan. The content fulfillment plan, attached to the Bookstore Contract, stated that Ed Map would provide specified course materials for Miller-Motte College Online and Miller-Motte Technical College campuses in Roanoke, Virginia; Macon, Georgia; and Gulfport, Mississippi. The Bookstore

Contract also incorporated a purchasing authorization form, authorizing Ed Map to purchase all inventory, including textbooks and related materials, on behalf of Miller-Motte College Online and Miller-Motte Technical College campuses in Roanoke, Virginia; Macon, Georgia; and Gulfport, Mississippi. An amendment to the Bookstore Contract, dated September 9, 2013, provided that the content fulfillment plan and the purchasing authorization form would be deemed to cover *all* of Delta Career's schools, except Tucson College and Creative Circus, Inc.

## 2. Terms of the Purchase Agreement

{¶ 12} A partially redacted copy of the Purchase Agreement was attached to Ed Map's sur-reply in opposition to the motion to dismiss. The Purchase Agreement was entered into between Ancora Holdings, the Delta Defendants, and Creative Circus. The Purchase Agreement provided that Ancora Holdings would acquire assets relating to the operation of the "business," which was defined as the business of owning and operating certain specified schools. The list of schools, which was included in a schedule attached to the Purchase Agreement, included campuses of Miller-Motte College located in Cary, North Carolina; Fayetteville, North Carolina; Jacksonville, North Carolina; Raleigh, North Carolina; and Wilmington, North Carolina, and campuses of Miller-Motte Technical College located in Augusta, Georgia; Chattanooga, Tennessee; Columbus, Georgia; Conway, South Carolina; Macon, Georgia; and Charleston, South Carolina. The Purchase Agreement further provided that Ancora Holdings would acquire all "purchased contracts," which was defined as contracts related to the business (i.e., contracts related to owning and operating schools) that were not specifically excluded. Such excluded contracts were set forth in a schedule to the Purchase Agreement, which stated that contracts related to the administration or provision of any employee benefit plans were excluded. The Bookstore Contract was not specifically set forth in the schedule of "excluded contracts."

## 3. Interaction of Purchase Agreement and Bookstore Contract

{¶ 13} Under the terms of the Purchase Agreement, the Ancora Defendants acquired one school identified in the original content fulfillment plan and purchasing authorization form under the Bookstore Contract (i.e., the Miller-Motte Technical College campus located in Macon, Georgia). Moreover, the Bookstore Contract was amended in 2013 to include *all* of Delta Career's schools within the content fulfillment plan and purchasing authorization

form. Although the list of acquired schools under the Purchase Agreement does not clearly designate which schools were operated by Delta Career, several of the schools acquired by Ancora Holdings under the Purchase Agreement have names similar to the schools designated as Delta Career entities under the Bookstore Contract. Thus, it is clear the Ancora Defendants acquired *at least* one school covered under the Bookstore Contract and they may have acquired more based on the amendment to the Bookstore Contract covering all of Delta Career's schools. Because the Bookstore Contract related to the business of owning and operating schools and was not designated as an excluded contract under the Purchase Agreement, the Ancora Defendants acquired the Bookstore Contract with respect to the Miller-Motte Technical College campus in Macon, Georgia, and any other Delta Career schools covered by the 2013 amendment to the Bookstore Contract.

{¶ 14} The common pleas court concluded the Ancora Defendants did not acquire any assets of Delta Career located in Ohio. The court also summarily concluded the Ancora Defendants did not acquire the Bookstore Contract; however, the court does not appear to have considered what Delta Career schools were within the scope of the Bookstore Contract and whether any of those schools were acquired by the Ancora Defendants. As explained above, at least one school acquired by the Ancora Defendants under the Purchase Agreement was covered by the Bookstore Contract. Therefore, Ed Map established the common pleas court had jurisdiction over the Ancora Defendants by virtue of the forum selection clause contained in the Bookstore Contract for claims arising out of the Bookstore Contract relating to the Miller-Motte Technical College campus located in Macon, Georgia, and for any other Delta Career schools covered by the 2013 amendment to the Bookstore Contract. Because the evidence before the court was unclear, it was necessary for the trial court to conduct an evidentiary hearing to determine which of the schools acquired by the Ancora Defendants were owned by Delta Career and covered by the Bookstore Contract.[1]

---

[1] The Ancora Defendants assert they did not acquire any schools operated by Delta Career in Ohio and, therefore, the business and contracts acquired under the Purchase Agreement do not relate to the operation of any school *in Ohio*. While that may be relevant for determining whether the Ancora Defendants were subject to personal jurisdiction under the long-arm statute, it does not resolve the question of whether they acquired the Bookstore Contract pursuant to the Purchase Agreement.

*See Cincinnati Equine, LLC v. Sandringham Farm, LLC*, 1st Dist. No. C-150067, 2016-Ohio-803, ¶ 18 (finding that record contained contradictory evidence regarding whether certain activities occurred in Ohio and concluding that remand was necessary because "the trial court failed to conduct an evidentiary hearing and the trial court's jurisdiction is not clear from the record"); *Ranco* (reversing and remanding for evidentiary hearing where there were factual questions as to whether defendants were successors in interest to party that entered into contract containing forum selection clause). *See also CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 162 (10th Dist.1993) (reversing denial of Civ.R. 60(B) motion where there was a conflict in the pleadings as to whether defendant was subject to personal jurisdiction and finding that trial court erred by failing to hold an evidentiary hearing to resolve the conflict). On remand, the trial court should conduct an evidentiary hearing to resolve this question and issue an judgment denying the Ancora Defendants' motion to dismiss for lack of personal jurisdiction over any claims arising from the Bookstore Contract relating to the Miller-Motte Technical College campus located in Macon, Georgia, and any other schools owned by Delta Career that were covered by the Bookstore Contract and acquired by the Ancora Defendants under the Purchase Agreement.

## C. Minimum Contacts and Due Process

{¶ 15} The common pleas court also found the Ancora Defendants lacked minimum contacts with Ohio sufficient to exercise personal jurisdiction over them. As explained above, the Supreme Court of Ohio has held that the requirement of personal jurisdiction under Ohio law is a waivable right and parties may consent to a jurisdiction through a forum selection clause. *Kennecorp* at 175; *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 6. Where a valid and enforceable forum selection clause exists, a trial court need not undertake the analysis of minimum contacts and due process

---

The Ancora Defendants also rely on Section 2.3 of the Purchase Agreement, which provides in relevant part that they assumed all liabilities and obligations relating to each of the purchased contracts except those liabilities and obligations arising from any breach or default of a purchased contract prior to the closing date of the Purchase Agreement. That provision defines the scope of liabilities assumed under contracts purchased through the Purchase Agreement, but it does not define the universe of purchased contracts. The fact that a particular liability may not have been assumed under the Purchase Agreement because it was incurred prior to the closing date of the Purchase Agreement does not resolve whether the contract under which that liability arose was acquired in the Purchase Agreement. The Ancora Defendants' argument regarding Section 2.3 of the Purchase Agreement would be more relevant to a determination of the merits of Ed Map's claims, such as a motion for summary judgment, than a determination of whether they are subject to personal jurisdiction under the forum selection clause of the Bookstore Contract.

principles otherwise required to determine whether personal jurisdiction over a non-resident defendant exists under Ohio law. *See Automotive Illusions, LLC v. Reflex Ents.*, 10th Dist. No. 01AP-1445, 2002-Ohio-4047, ¶ 15. *See also Summitville Tiles, Inc. v. K-Tel Corp.*, 7th Dist. No. 04 CO 41, 2005-Ohio-2786, ¶ 17 ("A forum selection clause acts as a waiver of the minimum contacts test used to determine personal jurisdiction."); *Information Leasing Corp. v. King*, 155 Ohio App.3d 201, 2003-Ohio-5672, ¶ 26 (1st Dist.), ("Since the forum-selection clause was valid, there is no need for us to conduct a minimum-contacts analysis, as the parties have waived the due-process requirements of personal jurisdiction."). Because we conclude an evidentiary hearing was necessary to determine whether the Ancora Defendants were subject to the forum selection clause in the Bookstore Contract, we need not reach the question of whether the trial court erred by concluding the Ancora Defendants lacked minimum contacts to be subject to personal jurisdiction under Ohio law.

{¶ 16} Accordingly, we sustain Ed Map's first assignment of error and remand for an evidentiary hearing on the issue of whether the Ancora Defendants acquired the Bookstore Contract under the Purchase Agreement.

### D. Weighing of Evidence and Denial of Reconsideration

{¶ 17} Ed Map asserts in its second assignment of error the common pleas court erred by improperly weighing the evidence and failing to construe all evidence in its favor. In its third assignment of error, Ed Map argues the trial court erred in denying its motion for reconsideration. Because we conclude the common pleas court erred by failing to conduct an evidentiary hearing on the forum selection clause, and remand for that court to conduct that hearing, Ed Map's second and third assignments of error are rendered moot.

### IV. Conclusion

{¶ 18} For the foregoing reasons, we sustain Ed Map's first assignment of error, which renders moot Ed Map's second and third assignments of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

SADLER, P.J., and KLATT, J., concur.

—————————