[Cite as *Heredia Realty, L.L.C. v. Harvey*, 2021-Ohio-4218.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HEREDIA REALTY, LLC, c/o RPM MIDWEST, LLC, | : | APPEAL NO. C-210313<br>TRIAL NO. 20CV-18185 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ERIN A. HARVEY, | : | |
| KATHERINE W. CHANG, | : | |
| and | : | |
| MICHAEL P. HARVEY, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Muncipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 3, 2021

*Heyman Law*, *LLC*, *Scott Bobbitt*, *Matthew Faber* and *D. Andrew Heyman*, for Plaintiff-Appellee,

*Michael P. Harvey Co.*, *L.P.A.*, and *Michael P. Harvey*, for Defendants-Appellants.

**BERGERON, Judge.**

{¶1}    In this landlord-tenant dispute, the small claims court found the tenants liable for just over $700 in damages for breach of a lease of real property located in Hamilton County.  On appeal from that judgment, the tenants insist that the small claims court lacked personal jurisdiction over them for a suit arising from their lease.  Consistent with basic norms of personal jurisdiction, we hold that the small claims court appropriately exercised personal jurisdiction over the tenants, we reject the related challenges by the tenants, and we affirm the judgment of the small claims court.

I.

{¶2}    In July 2017, plaintiff-appellee Heredia Realty, LLC, c/o RPM Midwest, LLC, ("Heredia") leased residential property located in Cincinnati, Ohio to defendants-appellants Erin A. Harvey, Katherine W. Chang, and Michael P. Harvey[1] (collectively, "the tenants"). The lease eventually drew to a close, the tenants moved out, and everyone went their separate ways.

{¶3}    Several years later, however, Heredia filed a complaint against the tenants in small claims court to recover $713 in damages for breach of contract.  The tenants moved to dismiss for lack of personal jurisdiction, but the magistrate denied the motion and set trial for March 12.   Then the tenants filed objections to the magistrate's decision—again challenging personal jurisdiction—but allegedly due to slow postal delivery, they missed the operative deadline and the magistrate deemed the objections untimely.  Next, the tenants filed a Civ.R. 60(B) motion for relief from judgment, but the magistrate denied this motion as well.

---

[1] Mr. Harvey is not just a party—he is the attorney representing the tenants.  He insists that he is merely the tenants' attorney, but the complaint identifies him as a defendant and the lease identifies him as a lessee.  This opinion, therefore, applies to Mr. Harvey in his personal capacity as a party to this litigation.

{¶4} On March 12, the magistrate granted judgment for Heredia with an entry that included no rationale. Heredia claims that the magistrate granted a default judgment because of the tenants' nonappearance at the March 12 trial. On the other hand, the tenants' appellate brief claims that no hearings were held below (contrary to the trial court's docket). Regardless, the docket indicates that a trial occurred, but the tenants never ordered the transcript. From a record standpoint, we are thus left in the dark about what exactly transpired at the March 12 trial.

{¶5} The trial court adopted the magistrate's factual and legal findings. On appeal, the tenants raise four assignments of error, arguing that (1) Heredia did not establish personal jurisdiction over them, (2) the trial court erred by treating their objections as untimely, (3) the trial court abused its discretion by denying their Civ.R. 60(B) motion, and (4) Heredia's complaint provided insufficient substantiation of the existence of the lease.

II.

{¶6} As a threshold matter, because the tenants did not transmit the transcript of the proceedings to the court on appeal, "[w]e therefore presume the regularity of the proceedings." *Stroud v. Four E Properties, Inc.*, 1st Dist. Hamilton No. C-170215, 2018-Ohio-1910, ¶ 16. A variety of due process issues swirl about in this appeal, but given the appellants' failure to order a transcript, it precludes our meaningful review of certain of these issues, particularly related to the events of the March 12 trial. But the personal jurisdiction issue that takes center stage can be evaluated based on the extant record, and we proceed to analyze it.

A.

{¶7} The tenants' first assignment of error asserts that the trial court failed to require Heredia to establish personal jurisdiction over them. " 'Personal jurisdiction is a question of law that appellate courts review de novo.' " *CUC Properties VI, LLC v.*

3

*Smartlink Ventures, Inc.*, 1st Dist. Hamilton No. C-210003, 2021-Ohio-3428, ¶ 7, quoting *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9, ¶ 11. "When a defendant moves to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Fern Exposition Servs., LLC v. Lenhof*, 1st Dist. Hamilton No. C-130791, 2014-Ohio-3246, ¶ 9; *see Ed Map, Inc. v. Delta Career Edn. Corp.*, 10th Dist. Franklin No. 18AP-712, 2020-Ohio-358, ¶ 7. " 'The trial court may hold an evidentiary hearing and receive oral testimony or "hear" the matter on the affidavits, depositions, and interrogatories.' " *Fern Exposition Servs., LLC* at ¶ 9, quoting *Timekeeping Systems v. Safekeeping Protection Universal,* 8th Dist. Cuyahoga No. 99714, 2013-Ohio-3919, ¶ 16.

{¶8} Heredia readily established personal jurisdiction over Mr. Harvey because the complaint alleged that he is a resident of Ohio, and he came forward with no evidence disputing the point. *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 116 Ohio St.3d 167, 2007-Ohio-5753, 876 N.E.2d 1226, ¶ 5 ("It is axiomatic that Ohio courts can exercise jurisdiction over a person who is a resident of Ohio."). To the contrary, it appears that Mr. Harvey is an Ohio-licensed lawyer with a business address in Ohio.

{¶9} Ms. Harvey and Ms. Chang are non-residents, however. "Determining whether an Ohio trial court has personal jurisdiction over a nonresident defendant involves a two-step analysis." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 28. First, we must determine "whether the long-arm statute and the applicable rule of civil procedure confer jurisdiction." *Id.* If so, then we must determine "whether the exercise of jurisdiction would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution." *Id.*

{¶10} Ohio's long-arm statute provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's * * * [h]aving an interest in, using, or possessing real property in this state." R.C. 2307.382(A)(8). Due process requires "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Kauffman Racing* at ¶ 45. Minimum contacts is satisfied "when a nonresident defendant purposefully avails himself of the privilege of conducting activities within the forum state." *Id.*

{¶11} Heredia met its burden of establishing personal jurisdiction over the tenants by introducing the lease into the record below. The lease satisfies Ohio's long-arm statute because a lease of property located in Ohio gives the tenants an "interest in * * * possessing real property in this state." R.C. 2307.382(A)(8). And executing a lease for possession of real property in a state satisfies minimum contacts for suits arising from that lease. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("[W]ith respect to interstate contractual obligations, we have emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."), quoting *Travelers Health Assn. v. Commonwealth of Virginia ex rel. State Corp. Comm.*, 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950). *See also First Natl. Bank of Cincinnati v. Scott*, 1st Dist. Hamilton No. C-850623, 1986 WL 8097, *3 (July 23, 1986) (minimum contacts was satisfied where the non-resident defendant "knowingly undertook the continuing obligation to an Ohio bank to make payments on [a] note").

{¶12} As a matter of law, Heredia met its burden of establishing personal jurisdiction based on Mr. Harvey's residence, and based on all three of the tenants' contacts with Ohio. We accordingly overrule the tenants' first assignment of error.

B.

{¶13} The resolution of the first assignment of error largely answers the second two because they are both premised, at bottom, on a personal jurisdiction objection. We address each in turn.

1.

{¶14} In their second assignment of error, the tenants maintain that the magistrate erred by failing to acknowledge that the clerk's alleged service error rendered it "impossible" for the tenants to file objections to the magistrate's decision.

{¶15} Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." Under Civ.R. 53(D)(3)(a)(iii), "[a] magistrate's decision shall be * * * served by the clerk on all parties or their attorneys no later than three days after the decision is filed." Civ.R. 5(B)(2)(c) permits service by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing."

{¶16} Here, the magistrate's decision was filed on January 22, 2021, giving the tenants until February 5 to file their objections. But the tenants did not receive notice of the decision by mail until February 4—one day before objections were due. They sent their objections by ordinary mail on February 8, and their objections arrived on February 24—19 days after the last day for filing objections.

{¶17} Service by ordinary mail is proper under Civ.R. 5(B)(2)(c), regardless of the fact that external circumstances may cause delays in the mailing system. The tenants concede that the magistrate's decision was postmarked on January 25, 2021, and, thus,

within the three allotted days for serving the decision on the parties under Civ.R. 53(D)(3)(a)(iii). *See Muranyi v. City of Oregon*, 6th Dist. Lucas No. L-05-1415, 2006-Ohio-203, ¶ 9 (holding that service was complete on the date that the notice was postmarked). We do not see any service error by the clerk here.

{¶18} Moreover, on this record the clerk did not make it "impossible" for the tenants to file objections. The tenants received the magistrate's decision one day before objections were due. We are certainly sympathetic to parties who encounter delays by virtue of mail service. But such parties, including tenants here, have remedies at their disposal such as e-filing, requesting an extension to file the objections, or moving for leave to accept the tardy objections (while explaining the reasons for the delay). The tenants have not explained how it was impossible for them to file objections under these circumstances.

{¶19} Regardless, since the objections challenge personal jurisdiction, and we have already concluded that personal jurisdiction existed, any "error" here occasioned by slow mail delivery was harmless. We accordingly overrule the tenants' second assignment of error.

2.

{¶20} The tenants also challenge the magistrate's denial of their Civ.R. 60(B) motion. A party seeking relief from judgment under Civ.R. 60(B) must show that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113 (1976).

{¶21} The tenants argue that they were entitled to relief from judgment under Civ.R. 60(B)(1) because of "mistake, inadvertence, surprise or excusable neglect." While delays in the United States mailing system could constitute grounds for relief under Civ.R. 60(B)(1),

7

the tenants have ultimately failed to demonstrate that they have a meritorious claim or defense to present if relief is granted. *See GTE* at 150-151. If the tenants were granted relief under Civ.R. 60(B), the magistrate would be required to consider the tenants' objections to the magistrate's denial of their motion to dismiss. But the tenants' objections merely reiterate the personal jurisdiction theory that we rejected above. Since this personal jurisdiction theory is meritless, the tenants cannot meet the first prong of the *GTE* test. Accordingly, the trial court did not abuse its discretion by denying their Civ.R. 60(B) motion. We overrule the tenants' third assignment of error.

C.

{¶22} Finally, the tenants argue that Heredia's complaint was defective under Civ.R. 10(D)(1). Civ.R. 10(D)(1) reads "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

{¶23} While the tenants are correct that Heredia did not attach the lease to its complaint, they fail to recognize that the Ohio Rules of Civil Procedure do not necessarily apply in small claims matters. *See* Civ.R. 1(C) ("These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in small claims matters under Chapter 1925 of the Revised Code."). In fact, the Second District has held that R.C. 1925.04 supersedes the pleading requirements of Civ.R. 8 for small claims matters. *Lazaro v. Knight*, 2d Dist. Montgomery No. 20144, 2004-Ohio-4928, ¶ 14 ("Those provisions of R.C. 1925.04 supersede the more specific pleading requirements of Civ.R. 8 in small claims actions."). Not only is the Second District's approach consistent with the text of R.C. Chapter 1925 and Civ.R. 1(C), but that approach makes sense in light of the informal design of small claims proceedings. *See Cleveland Bar Assn. v. Pearlman*, 106

8

Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15 ("[B]y design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively.").

{¶24} We hold that R.C. 1925.04 supersedes the more specific pleading requirements of Civ.R. 10. R.C. 1925.04 provides, in relevant part:

(A) An action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, states the amount and nature of the plaintiff's claim to the court as provided in this section. The commencement constitutes a waiver of any right of the plaintiff to trial by jury upon such action.

* * *

(B) The plaintiff, or the plaintiff's attorney, shall state to the administrative assistant or other official designated by the court, the plaintiff's and the defendant's place of residence, the military status of the defendant, and the nature and amount of the plaintiff's claim. The claim shall be reduced to writing in concise, nontechnical form. Such writing shall be signed by the plaintiff, or the plaintiff's attorney, under oath.

Since R.C. 1925.04 includes no requirement that the contract or account be attached to the pleading, we overrule the tenants' fourth assignment of error.

*     *     *

{¶25} For the foregoing reasons, we overrule all of the tenants' assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion